Scott R. Raber (SBN 194924)
scott.raber@rimonlaw.com
Matthew H. Poppe (SBN 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA  94025
Telephone:   415.693.9208
*Attorneys for Defendant*
**SIMON LANCASTER**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMON LANCASTER, an individual,<br><br>Defendant. | CASE NO.: 3:21-cv-01707-EMC<br><br>**DEFENDANT SIMON LANCASTER'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. Edward M. Chen |

Defendant Simon Lancaster ("Lancaster"), by and through his attorneys, hereby responds to the factual allegations contained in the Complaint filed by Apple Inc. ("Apple") as follows:

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Lancaster admits that the Complaint purports to assert claims for trade secret misappropriation and breach of contract against Lancaster.  Except as so admitted, Lancaster denies the allegations of Paragraph 1 of the Complaint.

2. Lancaster admits that he was employed by Apple for over eleven years, but denies that he abused his position and trust within the company, systematically disseminated Apple's trade secret information, or improperly used his seniority to gain access to internal meetings and

documents. To the contrary, during his time at Apple, Lancaster worked on over fifteen products and was a named inventor on at least forty patents. Lancaster was well known and respected at Apple for his contributions to manufacturing and product design; frequently volunteered to help with recruiting, university relations, student summer camps and interviewing efforts; and mentored and supervised eleven interns, most of whom Apple ultimately hired. Lancaster admits that he communicated with a reporter covering technology issues regarding Apple products and workplace issues he considered to be of public concern – namely, alleged corruption within Apple's supply chain and among Apple's supply chain managers. Lancaster lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint that he was a "source" for unspecified "articles" published by the reporter, and denies those allegations of Paragraph 2 on that basis. Lancaster admits that he requested that the reporter publish stories favorable to a start-up in which Lancaster had invested, but denies that such requests were in exchange for any information discussed with the reporter or had any relationship to Apple confidential information. Lancaster denies the allegations of Paragraph 2 insofar as they state legal conclusions to which no response is required. Lancaster otherwise denies the remaining allegations contained in Paragraph 2 of the Complaint.

      3.      Lancaster admits that he communicated with the technology reporter regarding Apple products after he announced his resignation from Apple. Lancaster denies the allegations of Paragraph 3 insofar as they state legal conclusions to which no response is required. Except as specifically admitted, Lancaster denies the remaining allegations contained in Paragraph 3 of the Complaint.

      4.      Lancaster lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint concerning the work or morale of other employees at Apple; any purported "surprise" and "delight" of Apple's customers; and whether Apple "guards closely" information concerning unreleased hardware products, unannounced feature changes to existing hardware products, or future product announcements, and denies those allegations of Paragraph 4 of the Complaint on that basis. Lancaster denies the remaining allegations contained in Paragraph 4 of the Complaint, and denies the allegations of Paragraph 4 insofar as they state

legal conclusions to which no response is required.

5. Lancaster denies the allegations in Paragraph 5 of the Complaint concerning Apple's competitors on the ground that he lacks sufficient knowledge or information to admit or deny those allegations. Lancaster denies the remaining allegations in Paragraph 5 of the Complaint.

6. Lancaster lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Complaint regarding Apple's alleged forensic review of devices or investigation, and on that basis denies those allegations. Lancaster admits that he communicated with a technology reporter regarding many issues, including Apple products, using Apple-owned devices, before and after he submitted his resignation letter to Apple. Lancaster admits that he met with the reporter in person, including for reasons that had nothing to do with Apple. Lancaster denies the remaining allegations contained in Paragraph 6 of the Complaint, and otherwise denies the allegations contained in Paragraph 6 of the Complaint to the extent they contain legal conclusions to which no response is required.

7. Lancaster admits that after he resigned his employment with Apple, he began working at a company that served as a vendor for Apple. Lancaster denies that any conduct by him has created any harm or damage to Apple, and specifically denies that he ever used any Apple information either for the benefit of his new employer or in connection with his subsequent employment. Lancaster denies sufficient knowledge or information concerning the existence or terms of any vendor services agreement, or downloads that allegedly occurred on his last day of employment, and on that basis denies those allegations contained in Paragraph 7 of the Complaint. Lancaster otherwise denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Lancaster admits that the Complaint purports to assert claims for trade secret misappropriation and breach of contract against Lancaster.  Except as so admitted, Lancaster denies the allegations of Paragraph 8 of the Complaint, and specifically denies that the Complaint, which was filed over sixteen months after Lancaster resigned his employment, without any forewarning by Apple, merits the issuance of injunctive relief.

### THE PARTIES

9. Lancaster admits, on information and belief, that Apple is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Cupertino, California.

10. Lancaster denies the allegations contained in Paragraph 10 of the Complaint.

### JURISDICTION AND VENUE

11. The allegations in this paragraph contain legal conclusions to which no response is required, but Lancaster does not deny that the Court has jurisdiction over the claims asserted in this action.

12. The allegations in this paragraph contain legal conclusions to which no response is required, but Lancaster does not deny that that this action is properly venued in the Northern District of California.

### INTRADISTRICT ASSIGNMENT

13. Lancaster admits that Apple's corporate headquarters is located in Santa Clara County, California. Lancaster denies the remaining factual allegations pled by Apple in Paragraph 13 of the Complaint. The remaining allegations in Paragraph 13 of the Complaint state legal conclusions, to which no response is required, but Lancaster does not contest the assignment of this matter to the San Jose Division.

### APPLE'S TRADE SECRET INFORMATION

14. Lancaster admits that Apple is engaged in the development of new computer hardware and software. Lancaster denies the remaining allegations in Paragraph 14 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny them.

15. Lancaster denies the allegations contained in Paragraph 15 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny these allegations, all of which relate to Apple's own conduct.

16. Lancaster denies the allegations contained in Paragraph 16 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny these allegations, all of which relate to Apple's own conduct. Lancaster further denies that he has ever improperly

disclosed or misappropriated any schematics, software code, project plans, algorithms, or hardware.

17. Lancaster denies the allegations contained in Paragraph 17 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny these allegations, all of which relate to Apple's own conduct or the hypothetical conduct of its competitors.

18. Lancaster admits that Apple possesses information about unannounced products and updated generations of existing products that it is developing and may release. Lancaster lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 18 of the Complaint, and denies them on that basis.

19. Lancaster denies the allegations contained in Paragraph 19 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny these allegations, all of which relate to Apple's own conduct or the hypothetical conduct of its competitors.

20. Lancaster admits that Apple undertakes advertising and promotional activities with respect to new products. Lancaster lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 20 of the Complaint, and denies them on that basis.

21. Lancaster denies the allegations contained in Paragraph 21 of the Complaint.

**APPLE'S REASONABLE MEASURES TO PROTECT ITS TRADE SECRET SAI**

22. Lancaster admits, upon information and belief, that Apple maintains physical security in its buildings, and has written agreements with employees related to the use of confidential information. Lancaster denies the remaining allegations in Paragraph 22 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny them.

23. Lancaster admits that he signed a copy of the IPA on May 6, 2008, which is attached as Exhibit A to the Complaint. Lancaster lacks sufficient knowledge or information regarding the allegations in Paragraph 23 regarding Apple's practices with respect to other employees when hired, and denies them on that basis.

24. Lancaster denies the allegations in Paragraph 24 of the Complaint on the ground that they state legal conclusions to which no response is required and/or that the document attached as Exhibit A speaks for itself.

25. Lancaster denies the allegations in Paragraph 25 of the Complaint on the ground that they state legal conclusions to which no response is required and/or that the document attached as Exhibit A speaks for itself.

26. Lancaster admits that Apple has a process for "disclosing" employees in connection with work on some confidential projects at Apple. Lancaster denies the remaining allegations in Paragraph 26 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny the allegations. Lancaster further denies the allegations contained in Paragraph 26 of the Complaint insofar as they state legal conclusions to which no response is required.

27. Lancaster admits that Apple has conducted trainings concerning the treatment of Apple confidential information. Lancaster denies the remaining allegations concerning the "Business Conduct" course in Paragraph 27, including their substance and frequency, on the ground that he lacks sufficient knowledge or information to admit or deny these allegations.

28. Lancaster admits that Apple developed internal security trainings for some of the projects on which Lancaster worked and, on information and belief, admits that such instruction concerned the use, handling, and disclosure of information Apple considered to be confidential in connection with those projects. Lancaster lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 28 of the Complaint and denies them on that basis. Lancaster further denies the allegations contained in Paragraph 28 insofar as they state legal conclusions to which no response is required.

29. Lancaster denies the allegations in Paragraph 29 of the Complaint relating to Apple's contractors and vendors on the ground that he lacks sufficient knowledge or information to admit or deny these allegations.

30. Lancaster lacks sufficient knowledge or information concerning to admit or deny the allegations contained in Paragraph 30 of the Complaint and on that basis denies them.

31. Lancaster lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint and on that basis denies them.

32. Lancaster admits that Apple uses locks, security cameras, guards, and other measures to control access to its physical facilities, and admits that Apple issues keycards to

employees that include photographs. Lancaster denies the remaining allegations in Paragraph 32 of the Complaint on the ground that he lacks sufficient knowledge or information on which to admit or deny the allegations.

33.     Lancaster denies the allegations relating to Apple's security measures and the availability of confidential Apple information to the public or competitors in Paragraph 33 on the ground that he lacks sufficient knowledge or information to admit or deny the allegations and/or on the ground that they state a legal conclusion to which no response is required. Lancaster otherwise denies the remaining allegations in Paragraph 33 of the Complaint.

34.     Lancaster denies the allegations in Paragraph 34 of the Complaint on the ground that they state a legal conclusion to which no response is required and/or on the ground that he lacks sufficient knowledge or information to admit or deny these allegations.

## LANCASTER MISAPPROPRIATES APPLE'S TRADE SECRETS
## IN AN EFFORT TO OBTAIN PERSONAL GAIN

35.     Lancaster admits the allegations contained in Paragraph 35 of the Complaint.

36.     Lancaster admits that he exchanged messages and communicated with a reporter in November 2018. Lancaster denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Lancaster admits that he communicated with the reporter via direct messenger applications during late 2018 and 2019, but otherwise denies the allegations contained in Paragraph 37 of the Complaint.

38.     Lancaster denies the allegations contained in Paragraph 38 of the Complaint insofar as the alleged communications with the reporter are taken out of context, and are apparently offered to suggest improper conduct or motives by Lancaster with respect to confidential Apple information. Lancaster admits that in Spring 2019, he read a published report regarding a rumored new product from Apple, about which Lancaster had no knowledge or involvement whatsoever, that appeared to be similar to a product being developed by a startup that Lancaster was then advising, and admits that he communicated about that public reporting with the reporter. Lancaster further avers that he had been advising the startup with his Apple superiors' ongoing knowledge

and consent, and that the startup's product and technology had no relationship to Lancaster's responsibilities at Apple or to information Lancaster had received as an Apple employee. Except as otherwise admitted herein, Lancaster denies the allegations contained in Paragraph 38 of the Complaint.

39. Lancaster lacks sufficient knowledge or information to either admit or deny the allegation in Paragraph 39 of the Complaint concerning Lancaster's alleged communication to a third party, and on that basis denies the allegation. Lancaster denies that the reporter agreed to publish anything in exchange for Apple trade secrets, and otherwise denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. Lancaster admits that he met socially with the reporter on or about September 3, 2019 in person. Lancaster denies the remaining allegations contained in Paragraph 40 of the Complaint. Lancaster further denies the allegations of Paragraph 40 insofar as they state legal conclusions to which no response is required.

41. Lancaster denies the allegations of Paragraph 41 of the Complaint related to "trade secret SAI" and future Apple hardware products on the ground that the allegations contain legal conclusions to which no response is required. Lancaster otherwise lacks sufficient knowledge or information regarding the messages allegedly sent on October 7, 2019.

42. Lancaster admits that in October 2019 he proposed writing a story to the reporter about his departure from Apple. Lancaster otherwise denies the factual allegations contained in Paragraph 42 of the Complaint on the ground that he lacks sufficient knowledge or information on which to admit or deny the allegations.

43. Lancaster admits that he provided a photograph of only the first page of Apple's standard template Master Development and Supply Agreement (MDSA) to the reporter; never provided the remainder of the document to the reporter; and is informed and believes that such document was readily available online, in its entirety, through publicly available filings. Lancaster denies the remaining allegations contained in Paragraph 43 of the Complaint on the ground that he lacks sufficient knowledge or information on which to deny the allegations and/or on the ground that these allegations contain legal conclusions to which no response is required.

44.     Lancaster lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 44 of the Complaint and on that basis denies them. Lancaster further denies the allegations contained in Paragraph 44 of the Complaint insofar as they state a legal conclusion to which no response is required.

45.     Lancaster admits that he submitted his resignation to Apple on October 15, 2019. Lancaster denies the remaining allegations of Paragraph 45 because they state legal conclusions to which no response is required. Lancaster otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46.     Lancaster lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 46 of the Complaint regarding alleged messages sent to or from Lancaster. Lancaster denies that he sent or provided any confidential information or documents in connection with such an exchange. Lancaster further denies the allegations contained in Paragraph 46 insofar as they state a legal conclusion to which no response is required.

47.     Lancaster lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 47 of the Complaint and on that basis denies the allegations.

48.     Lancaster admits that he attended a large company event at Apple headquarters in October 2019, after receiving an email invitation from his employer to attend the meeting, and that Apple scanned his identification badge and granted him access to the meeting, without any suggestion whatsoever that his attendance was not, or would not be permitted. Except as expressly admitted, Lancaster otherwise denies the allegations contained in Paragraph 48 of the Complaint.

49.     Lancaster admits that during the large company meeting in October, a superior texted him and asked him to leave the event, at which point he immediately left. Lancaster otherwise denies the allegations contained in Paragraph 49 of the Complaint.

50.     Lancaster denies the allegations contained in Paragraph 50 of the Complaint.

51.     Lancaster lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 51 of the Complaint that he requested Apple grant him access to "additional" confidential information on October 24, 2019, and denies the allegation on that basis. Lancaster states that he continued to perform his regular duties until the day of his departure, and therefore

1  denies the allegation in Paragraph 51 of the Complaint that Lancaster had no business reason to
2  request access to confidential project information after he had given notice of his resignation.
3  Lancaster denies that he requested access to download any confidential Apple documents to send
4  to the reporter or anyone else, and denies that he sent such confidential information to anyone else.
5  Lancaster denies the remaining allegations of Paragraph 51 of the Complaint on the ground insofar
6  as they contain legal conclusions to which no response is required.

7       52.    Lancaster admits that his final day of employment at Apple was November 1, 2019,
8  and that late in the evening of November 1, 2019 he logged on to Apple's system to send farewell
9  emails to his colleagues. Lancaster denies that he downloaded confidential information to assist
10 his new employer. Lancaster lacks knowledge or information sufficient to deny the remaining
11 allegations contained in Paragraph 52 of the Complaint and on that basis denies them.

12      53.    Lancaster admits that after his employment with Apple ended, he communicated
13 with the reporter via a direct messaging application and acknowledged the reporter's publication
14 of an article. Lancaster denies the remaining allegations contained in Paragraph 53 of the
15 Complaint on the ground that he lacks sufficient knowledge or information to admit or deny them
16 and/or on the ground that they state legal conclusions to which no response is required.

### **LANCASTER REMAINS AN ONGOING THREAT OF MISAPPROPRIATION**

18      54.    Lancaster lacks sufficient knowledge or information to either admit or deny the
19 allegations in Paragraph 54 of the Complaint as to Apple's ongoing forensic investigation and any
20 resources Apple has expended, and on that basis denies those allegations. Lancaster denies the
21 remaining allegations contained in Paragraph 54 of the Complaint.

22      55.    Lancaster denies the allegations contained in Paragraph 55 of the Complaint.

23      56.    Lancaster lacks sufficient knowledge or information to either admit or deny the
24 allegations in Paragraph 56 of the Complaint concerning Apple's development of the alleged
25 confidential material, and on that basis denies those allegations. Lancaster denies the remaining
26 allegations in Paragraph 56 on the ground that they state a legal conclusion to which no response
27 is required, and otherwise denies the allegations contained in Paragraphs 56 of the Complaint.

28      57.    Lancaster admits that at the time Apple filed its Complaint, Lancaster worked for a

company that had a vendor service agreement with Apple, but that he is no longer so employed. Lancaster denies the remaining allegations in Paragraph 57 on the ground that he lacks sufficient knowledge or information on which to admit or deny these allegations and/or on the grounds that they state legal conclusions to which no response is required.

58. Paragraph 58 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Lancaster admits that the Complaint purports to seek the return of Apple confidential material. Except as so admitted, Lancaster denies the allegations of Paragraph 58 of the Complaint.

## FIRST CAUSE OF ACTION

### Violation of Defense of Trade Secret Act

59. In response to Paragraph 59 of the Complaint, Lancaster incorporates his responses to Paragraphs 1 to 58 above.

60. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

61. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

62. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

63. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

64. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

65. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

66. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

67. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

68. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required..

69. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

## SECOND CAUSE OF ACTION

**Violation of California Uniform Trade Secret Act, Cal. Civ. Code § 3426 *et seq.***

70. In response to Paragraph 70 of the Complaint, Lancaster incorporates his responses to Paragraphs 1 to 69 above.

71. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

72. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

73. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

74. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

75. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

76. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

77. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

78. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

79. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

80. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

12
ANSWER TO COMPLAINT
*Apple Inc. v. Lancaster*, Case No. 3:21-CV-01707-EMC

## THIRD CAUSE OF ACTION

### Breach of Written Contract

81. In response to Paragraph 81 of the Complaint, Lancaster incorporates his responses to Paragraphs 1 to 80 above.

82. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

83. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

84. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

85. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

86. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

87. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

88. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

89. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

90. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

91. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

92. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

93. Lancaster denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

94. The Complaint fails to state facts sufficient to constitute any cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(Good Faith)**

95. Lancaster acted with both subjective and objective good faith, such that any claim for relief that Apple may have is barred by law.

### THIRD AFFIRMATIVE DEFENSE

**(No Injury)**

96. Apple's Complaint and each and every cause of action contained therein is barred in whole or in part because Apple has not been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Lancaster.

### FOURTH AFFIRMATIVE DEFENSE

**(No Irreparable Harm)**

97. Apple's Complaint fails to state facts sufficient to state a claim for injunctive relief, including the existence of irreparable harm.

### FIFTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

98. Apple's Complaint fails to state facts sufficient to state a claim for recovery of equitable relief because of the existence of an adequate remedy at law.

### SIXTH AFFIRMATIVE DEFENSE

**(Proximate Cause)**

99. The Complaint is barred in whole or in part because Apple did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Lancaster.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

100. Apple is barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused and/or discharged by virtue of Apple's failure to exercise reasonable diligence to mitigate its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

101. By reason of Apple's own acts and omissions, Apple is estopped from seeking any recovery from Lancaster by reason of the allegations set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

102. The Complaint and each purported cause of action alleged therein is barred, in whole or in part, by the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

103. The Complaint and each purported cause of action alleged therein is barred, in whole or in part, by the equitable doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of Contract)

104. Apple's Third Cause of Action for Breach of Written Contract is barred on the ground that the contractual terms allegedly breached by Lancaster are void and unenforceable under California law, either in whole or in part, and either on their face or as applied to Lancaster.

## **ADDITIONAL AFFIRMATIVE DEFENSES**

105. Lancaster presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Lancaster reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Lancaster prays for judgment in his favor and against Apple as follows:

1. For judgment dismissing Apple's Complaint and all claims therein with prejudice and providing that Apple take nothing by way of the Complaint;

2. That Lancaster recover his costs of suit herein, including attorneys' fees; and

3. For such other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lancaster respectfully demands a trial by jury on all issues so triable.

Dated:  May 3, 2021

Respectfully submitted,

RIMON, P.C.

/s/ Scott R. Raber
Scott R. Raber (SBN 194924)
scott.raber@rimonlaw.com
Matthew H. Poppe (SBN 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA  94025
Telephone:  415.693.9208
**Attorneys for Defendant
SIMON LANCASTER**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2021 the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

                                                   */s/ Scott R. Raber*
                                                   Scott R. Raber