DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
ANDREW M. LEVAD (S.B. #313610)
alevad@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:   +1 415 984 8700
Facsimile:   +1 415 984 8701

Attorneys for Plaintiff
APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 3:21-cv-01707-EMC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | DATE: August 17, 2021 |
| SIMON LANCASTER, an individual, | TIME: 1:30 p.m. |
| Defendant. | JUDGE: Hon. Edward M. Chen |

Pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, Plaintiff Apple Inc. ("Apple" or "Plaintiff"), and Defendant Simon Lancaster ("Lancaster" or "Defendant") submit this Joint Case Management Statement.

## I.   JURISDICTION AND SERVICE

The parties agree that this Court has subject matter jurisdiction under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* and 18 U.S.C. §§ 1331, 1367(a).

## II.   FACTS

*Plaintiff Apple's Statement*

Apple initiated this action for misappropriation of trade secrets and breach of contract after it discovered that Defendant, a former Apple employee, had been funneling Apple's trade secret information and confidential internal documents to a reporter. A news outlet published multiple stories disclosing trade secrets about unreleased Apple products, internal and external commercial relationships, and vendor and supplier information, each citing an anonymous source at Apple. Defendant is this source. Apple further discovered that Defendant had been transmitting specific trade secret documents and information at the reporter's request, that he did so in exchange for advantageous press coverage of himself and his commercial relationships, and that he improperly downloaded trade secret information on his last day at Apple. Defendant's contracts with Apple prohibited him from disclosing such information.

Apple derives great value from its innovative product designs and its tight control of public information about its unreleased products. Defendant's disclosure and resultant publication of information about the designs, features, and release dates of unreleased products has caused substantial damage to Apple. Apple brought suit seeking redress for these violations of its rights.

*Defendant Simon Lancaster's Statement*

Lancaster was employed by Apple for over eleven years, and left the company in 2019—over a year before Apple commenced this lawsuit based on little more than broad, speculative claims—after a highly successful career developing products on Apple's behalf. Indeed, Lancaster worked on over fifteen products and was a named inventor on at least forty patents

during his tenure with Apple.

Lancaster denies that he abused his position and trust within the company, denies that he disseminated Apple's trade secret information, and denies that he improperly used his seniority to gain access to internal meetings and documents. Lancaster further denies that he misappropriated Apple confidential information either for the benefit of himself or any other person, including reporters. Lancaster acknowledges that he communicated with a reporter covering technology issues regarding Apple products and workplace issues he considered to be of public concern, and that he requested the reporter to publish stories favorable to a start-up in which Lancaster had invested. However, Lancaster vehemently denies that such requests were in exchange for any information discussed with the reporter or had any relationship to Apple confidential information.

### III. LEGAL ISSUES

*Plaintiff Apple's Statement*

The legal issues in this case include whether Apple's alleged trade secrets qualify as such, whether the Defendant misappropriated those trade secrets, whether the Defendant breached his contract with Apple by disclosing Apple's confidential, proprietary information, and the proper amount of damages.

*Defendant Simon Lancaster's Statement*

Lancaster agrees that the legal issues in this case include whether Apple's alleged trade secrets qualify as such, whether Lancaster misappropriated those trade secrets, and whether Lancaster breached any duties owed to Apple. Lancaster also anticipates additional legal issues, including whether Apple has demonstrated cognizable damages; waived claims with respect to allegedly confidential information, based on its handling of such information; and/or seeks to punish protected activity by Lancaster.

### IV. MOTIONS

As of the date of filing, no motions have been filed.

Apple anticipates filing a motion for summary judgment on its claims. Lancaster anticipates potentially filing a motion for summary judgment on the issue of damages.

1  **V.    AMENDMENT OF PLEADINGS**

2  Neither Party has filed an amended pleading. No amendments are currently contemplated

3  by either party.

4  **VI.   EVIDENCE PRESERVATION**

5  The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of

6  Electronically Stored Information ("ESI Guidelines") and that they have held a meet-and-confer

7  session pursuant to Fed. R. Civ. P. 26(f), including with respect to reasonable and proportionate

8  steps taken to preserve evidence relevant to the issues reasonably evident in this action. This

9  Court signed the Parties' Stipulated Protective Order on May 7, 2021. (Dkt. 19).

10 **VII.  DISCLOSURES**

11 The Parties agreed to exchange initial disclosures on August 12, 2021.

12 **VIII. DISCOVERY**

13 Lancaster has informally provided preliminary discovery, pursuant to the Stipulated

14 Protective Order entered by this Court on May 7, 2021, in an effort to help achieve early

15 resolution of this matter. (Dkt. 19). The parties have discussed search terms and the possibility of

16 third-party discovery. The parties have discussed an ESI stipulation that will be filed with this

17 Court.

18 Both parties have agreed to e-mail service.

19 **IX.   CLASS ACTIONS**

20 This case does not involve a class action.

21 **X.    RELATED CASES**

22 No related cases have been filed.

23 **XI.   RELIEF**

24 Plaintiff Apple seeks injunctive relief, compensatory damages, punitive damages,

25 restitution, attorneys' fees and costs, and such other and further relief as the Court deems proper.

26 **XII.  SETTLEMENT AND ADR**

27 The Parties have engaged in informal settlement discussions but have been unable to reach

28 a resolution.

As required by ADR L.R. 3-5, the Parties have reviewed the Court's ADR handbook, discussed the available ADR procedures, and considered whether this case would benefit from an ADR procedure.

The parties continue to meet and confer re ADR. Both parties prefer private mediation and will submit either a stipulation to ADR or separate statements no later than August 13, 2021.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff Apple declined to consent to a magistrate judge on March 11, 2021. (Dkt. 8).

### XIV. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

At this stage, the Parties agree it is too early to identify potential ways to expedite the presentation of evidence at trial or otherwise narrow the case by agreement or motion. No party has requested bifurcation of issues, claims, or defenses.

### XVI. EXPEDITED TRIAL PROCEDURE

The parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

### XVII. SCHEDULING

Subject to the Court's review, the parties have tentatively agreed to the case schedule set forth below. The proposed dates follow the Court's Guideline re Calculation of Trial Timeline with some limited deviations.

| EVENT | DATE |
| --- | --- |
| Initial Disclosures | August 12, 2021 |
| Fact Discovery Cutoff | February 3, 2022 |
| Disclosure of Experts | February 3, 2022 |
| Disclosure of Rebuttal Experts | February 24, 2022 |
| Expert Discovery Cutoff | March 17, 2022 |

| | |
|---|---|
| Last Day to File Dispositive Motions | March 24, 2022 |
| Last Day to Hear Dispositive Motions | April 28, 2022 |
| Joint Pretrial Conference Statement | June 14, 2022 |
| Pretrial Conference | July 12, 2022 |
| Trial | August 8, 2022 |

## XVIII. TRIAL

Plaintiff Apple has demanded a jury trial. Defendant Simon Lancaster also demanded a jury trial. The parties estimate the trial will last five to seven court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Apple filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on March 11, 2021 (Dkt. 3), stating that there were no interested parties to report. That remains true today. Lancaster filed his "Certification of Interested Entities or Persons" on May 3, 2021 (Dkt. 16), indicating no other interested parties to report. That also remains true.

## XX. PROFESSIONAL CONDUCT

The parties confirm that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1  Dated: August 10, 2021                **O'MELVENY & MYERS LLP**

2                                        */s/ David R. Eberhart*
                                         David R. Eberhart
3                                        Two Embarcadero Center, 28th Floor
                                         San Francisco, CA 94111
4                                        Telephone: (415) 984-8700
                                         Facsimile: (415) 984-8701
5                                        E-mail: deberhart@omm.com

6                                        *Attorneys for Plaintiff Apple Inc.*

7

8  Dated: August 10, 2021                **RIMON, P.C.**

9                                        */s/ Scott R. Raber*
                                         Scott R. Raber
10                                       423 Washington Street, Suite 600
                                         San Francisco, CA 94111
11                                       Telephone: (415) 693-9208
                                         Email: scott.raber@rimonlaw.com
12
                                         *Attorneys for Defendant Simon Lancaster*
13

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatory listed, on whose behalf the filing is submitted, concurs in the filing's content and has authorized the filing.

Dated: August 10, 2021

**O'MELVENY & MYERS LLP**

By: /s/ David R. Eberhart
    David R. Eberhart

*Attorneys for Plaintiff Apple Inc.*