Scott R. Raber (SBN 194924)
scott.raber@rimonlaw.com
Matthew H. Poppe (SBN 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
423 Washington Street, Suite 600
San Francisco, CA  94111
Telephone:  415.693.9208
**Attorneys for Defendant**
**SIMON LANCASTER**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMON LANCASTER, an individual,<br><br>Defendant. | CASE NO.: 3:21-cv-01707-EMC<br><br>**DEFENDANT SIMON LANCASTER'S NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING RESOLUTION OF THE RELATED CRIMINAL CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    November 18, 2021<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 5<br>Judge:  The Hon. Edward M. Chen |

**TO ALL PARTIES IN THE ABOVE-CAPTIONED ACTION AND TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that on November 18, 2021 at 1:30 p.m., in the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 5, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Simon Lancaster will and hereby does move to stay this civil action pending resolution of related criminal proceedings. In addition, Defendant Simon Lancaster brings this Motion on the grounds that there is little or no prejudice to Plaintiff if a stay is ordered and the convenience of the Court and

1

1 | efficient use of judicial resources will be served by granting the Motion.  Finally, it is also in the
2 | public interest to grant the Motion.
3 |       This Motion is based on this Notice of Motion and Motion, the supporting Memorandum
4 | of Points and Authorities, the Declaration of Scott R. Raber, the Declaration of Daniel Olmos, the
5 | complete files and records in this action, and any additional material and arguments that may be
6 | considered in connection with the hearing.

Dated: October 7, 2021                                                 RIMON, P.C.


                                              */s/ Scott R. Raber*
                                              Scott R. Raber
                                              *Attorneys for Defendant*
                                              SIMON LANCASTER

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendant Simon Lancaster moves to stay this civil action in favor of a related criminal investigation brought by the Santa Clara County District Attorney because the two actions are so similar, and arise from the same nucleus of facts, that Mr. Lancaster's Fifth Amendment rights will be implicated. To allow both actions to proceed would put Mr. Lancaster in the untenable position of having to choose between exercising his constitutional right against self-incrimination and defending himself in the civil action. Courts routinely stay civil actions in favor of pending criminal proceedings where, as here, there is a substantial overlap between the two cases. As a result, issuance of a stay is an appropriate exercise of this Court's discretion protecting those constitutional rights.

As discussed in greater detail below, Apple's continued prosecution of this action will implicate Mr. Lancaster's Fifth Amendment rights.[1]

**II.     STATEMENT OF RELEVANT FACTS**

Apple is a corporation headquartered in Cupertino, California that engages in the development and sale of computer hardware and software. (Compl. ¶¶ 9, 14). Defendant is a former Apple employee, who served as an Advanced Materials Lead and Product Design Architect, working on product design for numerous Apple hardware products for over a decade, until November 1, 2019. (Compl. ¶¶ 1, 35).

   **A.     The Civil Action.**

In this action, Apple alleges that Lancaster "abused his position and trust within the company to systematically disseminate Apple's sensitive trade secret information in an effort to obtain personal benefits." (Compl. ¶ 2.) In particular, Apple alleges that Lancaster improperly accessed internal meetings and documents containing trade secret information, outside the scope of his job's responsibilities, and then provided those trade secrets to a media correspondent. Apple further alleges that Lancaster proposed that the correspondent give benefits to Lancaster in

---

[1] *See* Declaration of Daniel Olmos ("Olmos Decl."), submitted herewith.

exchange for Apple's trade secrets, including favorable press coverage for a startup in which Lancaster had invested. (Compl. ¶¶ 2-4, 35-42.) Apple also alleges that, after Lancaster had announced his resignation from Apple, but before he left the company, Lancaster requested access to two confidential Apple projects for which he lacked any business reason to receive confidential information. (Compl. ¶¶ 50-51.) Lastly, Apple alleges that on November 1, 2019, Apple's last day of employment, he used his credentials to log into the secure Apple network and used his access to download additional Apple trade secret information that would assist his new employer. *Id.*

### B. The Criminal Investigation.

The day after the parties' Initial Case Management Conference, the Santa Clara County District Attorney's Office first informed Lancaster's counsel that he was the subject of a criminal investigation (the "Criminal Investigation") into the alleged theft of trade secrets. (Declaration of Scott R. Raber, dated October 7, 2021 ("Raber Decl."), ¶¶ 4-5; Olmos Decl., ¶ 2).  Subsequently, Lancaster also learned that at least four search warrants had previously been executed by the State with respect to certain online accounts held by Lancaster. (Olmos Decl.,¶¶ 3-4). The warrants also sought forensic images of information contained on two computers used by Lancaster. *Id*, ¶ 4, Ex. A. The warrant applications asserted probable cause to believe the information sought was stolen or embezzled, or evidenced the commission of a felony. *Id.*, Ex. A at 4.  The Santa Clara County District Attorney's Office has also assigned a veteran prosecutor to the case. (Olmos Decl., ¶ 3).

## III.   LEGAL DISCUSSION/ARGUMENT

Lancaster seeks to stay these proceedings pending resolution of the Santa Clara Investigation. A court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Thissel v. Murphy*, 2017 WL 6945402, at *1 (N.D. Cal. Apr. 4, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A court's decision "whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case,' including the 'extent to which the defendant's fifth amendment rights are implicated.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1994) (quoting *Federal Savings & Loan Ins. Corp. v. Molinaro*, 889

F.2d 899, 902-03 (9th Cir. 1994). Here, consideration of Lancaster's Fifth Amendment rights strongly indicates that the civil action should be stayed in favor of the Criminal Investigation.

### A. Consideration of Lancaster's Fifth Amendment Rights Weighs Heavily in Favor of Granting the Stay Request.

The primary consideration on this motion to stay is the defendant's Fifth Amendment rights and whether those rights "will be implicated by discovery and disclosures required in the civil action." *Fed. Ins. Co. v. Laney*, 2013 WL 594267, at *3 (N.D. Cal. Feb. 14, 2013). Where, as here, the issues in the two proceedings are essentially the same, the defendant's Fifth Amendment rights "will be implicated." *Ibid.* See also, *McCormick v. Rexroth*, 2010 WL 93424, at *2 (N.D. Cal. Mar. 15, 2010) ("some courts have gone so far as to recognize the extent of the overlap as the most important factor" in deciding to stay the civil matter) and *S.E.C. v. Alexander*, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010) ("where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case . . .") As discussed below, the civil action and the Criminal Investigation are similar, thereby implicating Lancaster's Fifth Amendment rights.

Here, there can be no genuine dispute that the issues in the civil action and the pending Criminal Investigation are essentially the same—indeed, the Criminal Investigation apparently pre-dates Apple's filing and is focused on Lancaster's alleged downloads on or around his last day of employment with Apple. The subject of both the civil action and the Criminal Investigation is Lancaster's alleged theft of trade secret information from Apple and his alleged intention to benefit therefrom. Given the substantial overlap between the subject matter of the civil action and the Criminal Investigation, Lancaster's Fifth Amendment rights against self-incrimination will necessarily be implicated by ongoing discovery. (Olmos Decl., ¶¶ 5-6).

Apple's Complaint and the Criminal Investigation cover the "same nucleus of facts" which strongly militates in favor of granting the stay. *See Continental Ins. Co. v. Cota*, 2008 WL 4298372, at *2 (N.D. Cal. Sep. 19, 2008) (civil proceedings stayed where "[i]t is undisputed that all of the civil and criminal actions spring from the same nucleus of facts"). Given this substantial factual overlap, Lancaster's Fifth Amendment rights are directly implicated. See, e.g., *Medina v.*

*Argent Mortg. Co.*, 2006 WL 1305230, at *2 (N.D. Cal. May 11, 2006). A stay is required here to protect Lancaster's Fifth Amendment privilege without forcing him to choose between that privilege and his right to mount a civil defense. If, as expected, Lancaster invokes his privilege against self-incrimination and refuses to provide further substantive discovery responses or testimony now that he has been made aware he is the subject of the Criminal Investigation, he will face the prospect of having an adverse inference drawn against him in the federal civil action. *See Baxer v. Palmigiano*, 425 U.S. 308, 317-18 (1976) (upholding adverse inference from inmate's invocation of privilege against self-incrimination in civil disciplinary proceedings); *ESG Capital Partners LP v. Stratos,* 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014) ("While a defendant in a criminal case may constitutionally assert her Fifth Amendment rights with no adverse consequence, a trier of fact in a civil case may draw an adverse inference from the invocation of the Fifth Amendment.") It would be unfair for Lancaster to have adverse inferences drawn against him in the civil action while he awaits the resolution of the Criminal Investigation (and possible indictment) with respect to the same subject matter.

       **B.**       **Mr. Lancaster's Fifth Amendment Rights Will Be Implicated by the Civil Discovery and Disclosures.**

In a criminal case, a defendant has only a limited duty to disclose those documents he intends to use at trial. *See* Cal. Pen. Code § 1054.3. By contrast, the disclosure obligations in a civil case are much broader and are required at the beginning of the case. *See*, Fed. R. Civ. Proc., R. 26. Courts have recognized that allowing the civil action to proceed may undermine the defendant's Fifth Amendment privilege against self-incrimination, and result in discovery beyond the scope of what state and federal rules of criminal procedure allow. *Square 1 Bank v. Lo,* 2014 WL 7206874, at *1-2 (N.D. Cal. Dec. 17, 2014) (granting stay where both actions implicated "same nucleus of facts").

Irrespective of whether Lancaster chooses to invoke the Fifth Amendment, denying a stay would also unfairly permit the State access to discovery to which it is not otherwise entitled for use against Lancaster in the Criminal Investigation. Indeed, in an attempt to satisfy both his initial disclosure obligations and facilitate early settlement discussions, Lancaster has already produced

information to Apple without knowledge of the pending Criminal Investigation. (Raber Decl., ¶¶ 3, 5-6). In so doing, Lancaster has likely unwittingly provided information that is well beyond what the State would otherwise have been entitled to obtain in connection with the criminal matter in the first instance.[2]

Because of the virtually identical subject matter of the civil action and the Criminal Investigation, disclosures that Lancaster provides in this case will be directly relevant to issues in the criminal case. As a result, if this case is not stayed, the State could have further access to discovery that it would not normally have in the course of its investigation or following the filing of any charges, including not just the electronic data already produced, but also statements and tangible things produced in response to interrogatories, document requests, requests for admission or in deposition.

Where, as here, Lancaster's Fifth Amendment rights are implicated, such a finding "heavily weighs in favor of a stay" of the civil action. *Fed. Ins. Co. v. Laney*, 2013 WL 594267, at *3. While to Lancaster's knowledge he has not been indicted by the Santa Clara County District Attorney, that fact should not affect the Court's determination here. Apple declined to bring this case until over sixteen months after Lancaster left Apple's employ. Allowing the Criminal Investigation to reach its conclusion is appropriate, particularly in considering the effect of ongoing civil litigation on Lancaster's Fifth Amendment rights.

### C. Consideration of "Other" Factors Confirms That a Stay Should be Granted.

In addition to evaluating Fifth Amendment concerns, courts in the Ninth Circuit consider the following other factors:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) the burden which any particular aspect of the proceedings may impose on defendants;

---

[2] Lancaster cannot be blamed for the timing of this Motion: until recently, Lancaster had no basis to conclude from Apple or any other source that the Criminal Investigation was underway, and he promptly brought this Motion once he learned of the parallel proceedings.

(3) the convenience of the courts in the management of its cases, and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in the pending civil and criminal litigation.

*Keating,* 45 F.3d at 324-25 (citing *Molinaro*, 889 F.2d at 903). A reasoned analysis of these factors heavily weighs in favor of granting a stay in this case.

### 1. Consideration of Plaintiff's Interest Favors Issuing a Stay

Courts can also consider the interests of the Plaintiff when determining whether a stay should be ordered. *Keating*, 45 F.3d at 324-25. Although plaintiffs sometimes have an interest in a speedy resolution of their civil claims, that concern is minimized here by the substantial lapse of time between, on the one hand, Lancaster's last day of employment (November 1, 2019) and the alleged wrongful conduct, and, on the other, when Apple filed its Complaint. *Delphi Connection Sys., LLC v. Koehlke Components, Inc.,* 2012 WL 12895670, at *2-3 (C.D. Cal. Oct. 17, 2012). In *Delphi*, the Court granted a stay where the plaintiff had waited six months to file its complaint after alerting authorities to defendant's allegedly illegal behavior. *See also Medina v. Argent Mortg. Co.,* 2006 WL 1305230, at *2 (N.D. Cal. May 11, 2006) (noting plaintiff's lack of "particular urgency regarding the prosecution of their civil action" as a factor weighing against a finding of prejudice to plaintiff).

While Apple is silent in its Complaint as to when or if it reported Lancaster to the authorities, the State executed several search warrants before this case was even filed. Moreover, the "remedies [Apple] seeks are not so pressing that a stay would cause it irreparable harm." *Ibid*. And, like the plaintiff in *Delphi*, Apple primarily seeks monetary damages. Accordingly, plaintiff's interests do not outweigh Lancaster's rights under this prong of the Ninth Circuit's guidance. *See Jones v. Conte*, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (harms that may be remedied by monetary damages are not reason to deny a stay).

/ / /

/ / /

/ / /

### 2. The Burden on Lancaster's Interests Weighs Heavily in Favor of a Stay.

Lancaster's individual Fifth Amendment rights are implicated and will serve as a "burden" as will the cost and expense of concurrently addressing the claims and Criminal Investigation in two distinct forums. Those burdens are further reason to grant the requested stay.

### 3. Consideration of Judicial Efficiency Supports the Stay Request.

Because this matter is still in its early stages, a stay pending resolution of the Criminal Investigation would promote judicial economy and efficiency. A "number of courts have concluded that staying a parallel civil proceeding in its early stages may prove more efficient in the long run." *CFPB v. Glob. Fin. Support, Inc.*, 2016 WL 2868698, at *5 (S.D. Cal. May 17, 2016) (collecting cases). Here, a stay could help simplify the civil case and narrow the issues, particularly where it is apparent from the district attorney's search warrants that Santa Clara County has already obtained a considerable volume of data that will almost certainly be at issue in the civil matter. *See Clifford v. Trump*, 2018 WL 3435419, at *5 (C.D. Cal. Apr. 27, 2018) (the possibility "that the outcome of the criminal investigation will benefit the parties and the Court by streamlining the issues and questions presented in this action" weighed in favor of a stay); *Jones*, 2005 WL 1287017, at *2 (finding that a stay would conserve judicial resources by permitting the criminal investigation to resolve common issues of fact).

Allowing the civil matter to go forward without a stay would likely increase the burden on the Court and Lancaster. Lancaster will almost certainly invoke his Fifth Amendment privileges, foreseeably leading to discovery disputes and the need for Court intervention. *Clifford*, 2018 WL 3435419, at *5 (noting the likelihood of discovery disputes and finding that judicial efficiency weighs in favor of a stay); *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2123560, at *5 (N.D. Cal. May 15, 2017) (assertion of Fifth Amendment privilege led to proliferation of contentious discovery disputes). A stay would allow civil discovery to proceed in the future unencumbered by Fifth Amendment concerns. *Jones,* 2005 WL 1287017, at *2 ("Staying the case makes efficient use of judicial resources by insuring that common issues of fact will be resolved, and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.")

9

LANCASTER'S MOTION TO STAY ACTION PENDING RESOLUTION OF RELATED CRIMINAL CASE; MEMO OF P's AND A's
*Apple Inc. v. Lancaster*, Case No. 3:21-CV-01707-EMC

### 4. Interest of Other Persons.

No other interests apart from those of plaintiff will be affected by this stay. As noted above, those interests do not outweigh Lancaster's right to avoid self-incrimination and assert his Fifth Amendment rights.

### 5. Public Interest Will be Best Served by a Stay

Lastly, the final factor of considering the public interest, weighs in favor of a stay. "[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Taylor Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *4 (E.D. Cal. Jul. 15, 2009) (internal quotation omitted). Staying the civil proceedings and allowing the criminal case to go forward helps "prevent premature disclosure of criminal discovery materials." *Baker v. SeaWorld Entm't Inc.*, 2018 WL 1726534, at *3 (S.D. Cal. Apr. 10, 2018). Although Apple may argue that the public and its customers have an interest in preventing trade secret theft, the criminal proceedings more than adequately protect this interest. "In fact, the public interest is likely better served by the criminal proceedings, considering that the [State of California] will be acting on behalf of the general public." Here, "[Apple] only represents its own interests, and any benefits to the public will be incidental." *Delphi Connection Sys., LLC*, *supra*, at *2.

## IV. CONCLUSION

In the absence of a stay, Lancaster will be faced with the heavy burden of choosing between defending himself in the civil action and waiving his Fifth Amendment privileges. Given the near total overlap between the allegations in the Complaint and the subject matter of the Criminal Investigation, the interests of justice require a stay of these proceedings. *Bridges v. Geringer*, 2013 WL 3888328, at *2 (N.D. Cal. July 24, 2014).

/ / /

/ / /

/ / /

/ / /

/ / /

For the foregoing reasons, the Court should stay the instant proceedings pending resolution of the Santa Clara County District Attorney's ongoing criminal investigation.

Dated: October 7, 2021                                RIMON, P.C.


                                                      /s/ Scott R. Raber
                                                      Scott R. Raber
                                                      *Attorneys for Defendant*
                                                      SIMON LANCASTER

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2021 the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

/s/ Scott R. Raber
Scott R. Raber