1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  SHARON M. BUNZEL (S.B. #181609)
   sbunzel@omm.com
3  ANDREW M. LEVAD (S.B. #313610)
   alevad@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center
5  28th Floor
   San Francisco, California 94111-3823
6  Telephone:     +1 415 984 8700
   Facsimile:     +1 415 984 8701
7
   Attorneys for Plaintiff
8  APPLE INC.

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  APPLE INC., a California corporation,          Case No. 3:21-cv-01707-EMC

15                    Plaintiff,                   **PLAINTIFF APPLE INC.'S**
                                                   **OPPOSITION TO DEFENDANT'S**
16         v.                                      **MOTION TO STAY**

17  SIMON LANCASTER, an individual,                Date: November 18, 2021
                                                   Time: 1:30 p.m.
18                    Defendant.                   Dept.: Courtroom 5
                                                   Judge: The Hon. Edward M. Chen
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF RELEVANT FACTS ........................................................... 1

III. ARGUMENT ..................................................................................................... 3

    A.   The Lack Of An Indictment Is Fatal To Defendant's Motion. ................. 3

    B.   Even If An Indictment Had Issued, A Stay Would Be Inappropriate. ..... 4

    C.   The Other *Keating* Factors Preclude A Stay. ......................................... 6

        1.   Apple Would Be Materially Prejudiced By A Stay. ..................... 7

        2.   Mr. Lancaster Will Not Be Prejudiced Without A Stay ............... 8

        3.   A Stay Does Not Advance The Convenience Of The Court Or Judicial Efficiency ......................................................................... 9

        4.   The Interests Of Third Parties And The Public Are Not Furthered By A Stay. ................................................................................... 9

IV. CONCLUSION ................................................................................................ 10

**Cases**

*Applied Materials, Inc. v. Semiconductor Spares, Inc.*,
No. C95-20129RMW(EAI), 1995 WL 261451 (N.D. Cal. Apr. 26, 1995) .................. 4, 7, 8, 10

*Christian v. Rutkowski*,
No. 214CV08924ODWMRWX, 2015 WL 5456600 (C.D. Cal. Sept. 17, 2015) ....................... 7

*Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*,
No. 15-CV-02440-GPC-WVG, 2016 WL 2868698 (S.D. Cal. May 17, 2016) ......................... 9

*Continental Ins. Co. v. Cota*,
No. 07-5800 SC, 2008 WL 4298372 (N.D. Cal. Sep. 19, 2008)................................................. 5

*eBay, Inc. v. Digital Point Sols., Inc.*,
No. C 08-4052 JF (PVT), 2010 WL 702463 (N.D. Cal. Feb. 25, 2010)........................... passim

*Elabd v. Taylor*,
No. 3:12-CV-447, 2013 WL 4591721 (E.D. Tenn. Aug. 28, 2013) ......................................... 6

*ESG Capital Partners LP v. Stratos*,
22 F. Supp. 3d 1042 (C.D. Cal. 2014)..................................................................................... 9

*Fed. Ins. Co. v. Laney*,
No. C 12-04708 WHA, 2013 WL 594267 (N.D. Cal. Feb. 14, 2013) ..................................... 5

*Fed. Sav. and Loan Ins. Corp. v. Molinaro*,
889 F.2d 899 (9th Cir. 1989)....................................................................................... 4, 8, 9

*Ford v. Levy*,
No. 04 C 8356, 2006 WL 8461527 (N.D. Ill. Aug. 25, 2006) ............................................... 6

*Gen. Elec. Co. v. Liang*,
No. CV 13-08670 DDP VBKX, 2014 WL 1089264 (C.D. Cal. Mar. 19, 2014) ......... 4, 7, 9, 10

*IBM Corp. v. Brown*,
857 F. Supp. 1384 (C.D. Cal. 1994)..................................................................................... 3, 9

*Keating v. Office of Thrift Supervision*,
45 F.3d 322 (9th Cir. 1995)................................................................................... 3, 5, 6, 8

*Macaluso v. Davenport*,
No. 11CV118-WQH-MDD, 2011 WL 2015525 (S.D. Cal. May 23, 2011) ............................. 4

*McCormick v. Rexroth*,
No. C 09-4188 JF, 2010 WL 93424 (N.D. Cal. Mar. 15, 2020) .................................................. 5

*Medina v. Argent Mortg. Co.*,
No. 05-CV-2905 RS, 2006 WL 1305230 (N.D. Cal. May 11, 2006) ......................................... 5

*Melendres v. Maricopa Cty.*,
No. 07-CV-02513-PHX-GMSM, 2009 WL 2515618 (D. Az. Aug. 13, 2009).......................... 7

*Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*,
486 F. Supp. 1118 (S.D.N.Y. 1980) ........................................................................................ 8

*Roberts v. Brown*,
No. 2:13-CV-07461-ODW, 2014 WL 3503094 (C.D. Cal. July 14, 2014) ............................... 7

*SEC v. Alexander*,
No. 10-CV-04535-LHK, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2010)................................... 5

*SEC v. Global Express Capital Real Estate Inv. Fund,*
  289 Fed. Appx. 183, 191 (9th Cir. 2008) ............................................. 4

*Standard Sanitary Mfg. Co. v. United States,*
  226 U.S. 20 (1912) ............................................................................ 3

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,*
  175 F. Supp. 2d 573 (S.D.N.Y. 2001) .......................................... 7, 8, 10

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.,*
  720 F. Supp. 805 (N.D. Cal. 1989) ................................................... 7

*United States v. $295,726.42 in Acct. Funds Seized,*
  279 F. Supp. 3d 1050 (C.D. Cal. 2018) ............................................. 6

*United States v. Stringer,*
  535 F.3d 929 (9th Cir. 2008) ......................................................... 6

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,*
  7 F. Supp. 2d 523 (D.N.J. 1998) ..................................................... 9

## I.   **INTRODUCTION**

The requested stay should be denied because Mr. Lancaster cannot meet his burden to show substantial prejudice. First, Mr. Lancaster concedes that no indictment exists. That concession alone dooms his motion. Stays of civil proceedings are an extraordinary remedy not meant to shield civil litigants from discovery obligations merely because yet-unidentified criminal charges may issue sometime in the future. Second, the scope of the anticipated indictment has little overlap with this civil action. The anticipated indictment concerns "alleged downloads on or around his last day of employment at Apple"—activities that are addressed in only a single paragraph of the civil complaint. Accordingly, any impact on Mr. Lancaster's Fifth Amendment rights is limited. And Mr. Lancaster has already narrowed his Fifth Amendment rights by participating in civil discovery. Among other things, he has agreed to produce the documents he downloaded on his last day of employment, if they are in his possession, custody, or control. Consideration of the remaining *Keating* factors also demonstrates that Mr. Lancaster has failed to show substantial prejudice and that a stay should be denied, particularly in light of the short window remaining for fact discovery.

## II.   **STATEMENT OF RELEVANT FACTS**

Apple commenced this action after an internal investigation revealed that over the course of roughly a year, Mr. Lancaster had misappropriated Apple trade secrets regarding unreleased Apple products, unannounced product features, and confidential Apple policies. Dkt. 1, ¶¶ 1-8, 36-51, 53. Apple also brought this action because Mr. Lancaster downloaded trade secret documents on his last day at Apple. *Id.*, ¶ 52.

Shortly after Apple filed this case, counsel for the parties discussed whether Mr. Lancaster would provide certain relevant information informally. Declaration of David R. Eberhart ("Eberhart Decl."), ¶ 2. Mr. Lancaster provided informally certain substantive information via counsel on April 8, 2021, and the parties continued their discussions regarding informal exchanges. *Id.*, ¶ 3. On May 7, 2021, the parties submitted an agreed proposed protective order. Dkt. 18. On June 4, 2021, Mr. Lancaster's counsel stated that he was willing to informally share a partial forensic image of Mr. Lancaster's iCloud account, subject to agreed restrictions. Eberhart

Decl., ¶ 4. On July 21, 2021, Mr. Lancaster's forensic expert sent Apple a hard drive containing a partial forensic image of Mr. Lancaster's iCloud account. *Id.*, ¶ 5. On July 22, 2021, the parties held their Rule 26(f) conference, and Apple served its Cal. Civ. Proc. Code § 2019.210 disclosure and first sets of interrogatories and requests for production. *Id.*, ¶ 6.

Per the declaration of Mr. Lancaster's civil counsel Scott Raber, an investigator for the Santa Clara County District Attorney's Office called Mr. Raber on August 18, 2021. Dkt. 33-1, ¶ 5. Mr. Raber provided the investigator with contact information for Mr. Lancaster's criminal defense counsel, Daniel Olmos. *Id.* Mr. Raber did not inform Apple's counsel of this contact contemporaneously; nor did Mr. Lancaster assert a Fifth Amendment privilege. Eberhart Decl., ¶¶ 8, 19. Instead, on August 23, 2021, Mr. Lancaster served (1) sworn, substantive responses to Apple's interrogatories, and (2) responses and objections to Apple document requests. *Id.*, ¶ 7. Although he did not produce any documents, Mr. Lancaster committed to produce "All Documents [he] obtained from Apple during [his] employment by Apple, including Documents [he] obtained without Apple's knowledge." *Id.* Mr. Olmos states that he was informed that same day of a criminal investigation of Mr. Lancaster. Dkt. 33-2, ¶ 2.

On August 31, 2021, counsel for the parties met and conferred telephonically regarding Mr. Lancaster's objections to Apple's requests for production of documents. Eberhart Decl., ¶ 9. On September 9, 2021, Apple's counsel wrote to Mr. Raber with a proposed resolution of the disputed issues regarding Apple's document requests to Mr. Lancaster. *Id.*, ¶ 10. That same day, Mr. Lancaster served interrogatories and documents requests to Apple. *Id.*, ¶ 11. According to the Raber Declaration, that was also the day when Mr. Raber received notice of previously-executed search warrants. Dkt. 33-1, ¶ 6. Mr. Lancaster's counsel did not contemporaneously provide this information to Apple. Eberhart Decl., ¶ 12. Four days later, on September 13, Mr. Lancaster's counsel responded to Apple's meet and confer letter and agreed to Apple's proposals to resolve the disputed requests for production. *Id.*, ¶ 13. Mr. Olmos states that he spoke to the investigator that same day, and that the investigator "confirmed the ongoing criminal investigation of Lancaster." Dkt. 33-2, ¶ 3.

On September 22, 2021, Apple inquired regarding when Mr. Lancaster would begin

producing responsive documents. Eberhart Decl., ¶ 14. On September 24, 2021, Mr. Raber wrote, "Getting our production platform in place has taken longer than anticipated, and at this point, I cannot provide a timeline. I hope to have more information within the next week or so." *Id.*, ¶ 15. Later that day, and again on October 4, Apple requested an update on the progress of this production. *Id.*, ¶ 16. Apple received no response to these inquiries and, at 5:10 P.M. on October 7, 2021, Apple Raber and requested a date and time for the parties to meet and confer regarding a motion to compel production of documents by Mr. Lancaster. *Id.*, ¶ 17. Twenty minutes later, Mr. Raber informed Apple for the first time that Mr. Lancaster intended to seek a stay. *Id.*, ¶ 18. Mr. Lancaster filed his motion five minutes later. Dkt. 33.

## III.  ARGUMENT

A stay of proceedings is an exceptional remedy granted only in limited circumstances, none of which are present here. Contrary to Mr. Lancaster's arguments, the general rule is that criminal and civil proceedings may proceed in parallel. *See IBM Corp. v. Brown*, 857 F. Supp. 1384, 1387 (C.D. Cal. 1994) (citing *Standard Sanitary Mfg. Co. v. United States*, 226 U.S. 20, 51 (1912)). Indeed, "[t]he Constitution does ***not*** ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (emphasis added). Rather, a

> defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

*Id.* at 326. And stays are particularly inappropriate where, as here, the defendant has not been indicted and there is minimal overlap between the allegations of the civil action and potential criminal matter. *eBay, Inc. v. Digital Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *5 (N.D. Cal. Feb. 25, 2010).

### A.   The Lack Of An Indictment Is Fatal To Defendant's Motion.

That no indictment has been returned is sufficient cause to deny the motion for stay. A defendant's Fifth Amendment interest is typically "negligible" at the pre-indictment stage. *Fed.*

*Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) ("The case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned.'") (citation omitted); *eBay, Inc.*, 2010 WL 702463, at *3 (The "potential prejudice to a civil defendant facing a parallel criminal investigation is more remote than it is for an indicted defendant, and the delay to the plaintiff is potentially indefinite.") (citation omitted). The Ninth Circuit and California district courts have repeatedly distinguished situations where defendants have been charged with a crime from those where they have not—generally declining to grant stays in the latter scenario. *See, e.g.*, *SEC v. Global Express Capital Real Estate Inv. Fund*, 289 Fed. Appx. 183, 191 (9th Cir. 2008) (noting that it is particularly "appropriate" to deny a civil stay where "no criminal charges had been filed . . . at the time"); *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, No. C95-20129RMW(EAI), 1995 WL 261451, at *3 (N.D. Cal. Apr. 26, 1995) (finding the defendant's Fifth Amendment privilege to be "far weaker" than if he had already been indicted); *Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP VBKX, 2014 WL 1089264, at *1 (C.D. Cal. Mar. 19, 2014) ("the basis for staying the civil action here is significantly diminished by the fact that Liang has not been charged with any crime."); *Macaluso v. Davenport*, No. 11CV118-WQH-MDD, 2011 WL 2015525, at *2 (S.D. Cal. May 23, 2011) ("The case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened.") (quoting *Molinaro*, 889 F.2d at 903)).

There is a sound basis for this distinction: staying a civil action where no indictment has issued effectively stays the civil action in perpetuity. *eBay, Inc.*, 2010 WL 702463, at *4. Because neither the parties nor the Court know the timing or scope of unasserted criminal charges, granting a stay would result in "a potentially indefinite delay" of the civil plaintiff's ability to pursue relief. *Id.* The requested stay can and should be denied on this ground alone.

**B.**     **<u>Even If An Indictment Had Issued, A Stay Would Be Inappropriate.</u>**

Even if an indictment had issued (it has not), a stay would be inappropriate given the limited overlap with the civil case, Mr. Lancaster's waiver of Fifth Amendment rights via participation in informal and formal discovery, and the other *Keating* factors.

First, Mr. Lancaster concedes that the criminal investigation focuses on a small portion of

the matters at issue in the complaint: the downloading he undertook on his last day at Apple. Mot. at 5:17-19. Those downloads are only a small portion of the civil case and are referenced in only one paragraph of the facts alleged in the complaint. *See* Dkt. 1, ¶ 52. By contrast, the allegations regarding Mr. Lancaster's misappropriation of trade secrets and provision thereof to third parties comprise 19 paragraphs in the complaint. *See id.*, ¶¶ 36-51, 53. This lack of overlap is sufficient to deny the motion: the fundamental question on a motion to stay, as Mr. Lancaster acknowledges (Mot. at 5:7-13), is the extent to which the defendant's Fifth Amendment rights are implicated. *Keating*, 45 F.3d at 324. Here, the vast majority of Mr. Lancaster's misappropriations relate to his actions prior to his last day; accordingly, they do not overlap with the claimed scope of the criminal investigation, and no stay is appropriate. This is in stark contrast to the cases cited by Mr. Lancaster, where there was no dispute that the criminal and civil cases had substantially, if not completely, overlapping subject matter. *See Fed. Ins. Co. v. Laney*, No. C 12-04708 WHA, 2013 WL 594267, at *3 (N.D. Cal. Feb. 14, 2013) (defendants "were indicted for the same conduct as the civil suit"); *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 93424, at *2 (N.D. Cal. Mar. 15, 2020) ("there is no dispute that both actions arise from the 'same nucleus of facts' pertaining to the physical altercation between the parties"); *SEC v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010) ("the SEC's allegations in its civil complaint overlap significantly, if not entirely, with the criminal charges"); *Continental Ins. Co. v. Cota*, No. 07-5800 SC, 2008 WL 4298372, at *2 (N.D. Cal. Sep. 19, 2008) ("It is undisputed that all of the civil actions and the criminal action spring from the same nucleus of facts—the allision [sic] of the COSCO BUSAN with the Bay Bridge and the resulting oil spill"); *Medina v. Argent Mortg. Co.*, No. 05-CV-2905 RS, 2006 WL 1305230, at *2 (N.D. Cal. May 11, 2006) ("There is no real dispute that the fifth amendment rights of defendants . . . are clearly implicated based on the similarity of the allegations contained in the criminal complaint with those raised in the present action").

Second, Mr. Lancaster has substantially limited the scope of his Fifth Amendment rights through his participation in informal and formal discovery. As noted above, Mr. Lancaster has produced documents, committed to producing documents, and provided substantive interrogatory

responses, all without asserting any Fifth Amendment objections. Indeed, Mr. Lancaster has committed, without asserting any Fifth Amendment privilege, to producing "All Documents [he] obtained from Apple during [his] employment by Apple, including Documents [he] obtained without Apple's knowledge." Eberhart Decl., ¶ 7. That commitment includes the documents that Apple alleges he downloaded on his last day—that is, the documents he claims are the subject of the anticipated indictment. These actions waive his Fifth Amendment rights, at least with respect to these facts and related details. *See, e.g.*, *United States v. $295,726.42 in Acct. Funds Seized*, 279 F. Supp. 3d 1050 (C.D. Cal. 2018) ("Mr. Jalloh's 'failure to invoke the privilege against self-incrimination' when he provided his initial responses to the Special Interrogatories, which constitutes evidence in the form of a sworn statement, 'waive[d] [his] later claim of privilege.'" (citing *United States v. Stringer*, 535 F.3d 929, 938 (9th Cir. 2008)); *Ford v. Levy*, No. 04 C 8356, 2006 WL 8461527 (N.D. Ill. Aug. 25, 2006) (permitting deposition to proceed where defendant waived Fifth Amendment privilege by responding to interrogatories); *Elabd v. Taylor*, No. 3:12-CV-447, 2013 WL 4591721, at *2 (E.D. Tenn. Aug. 28, 2013) (denying stay where individual "knew of the criminal charges against him at the time he responded to the interrogatories").

Mr. Lancaster's Fifth Amendment rights are also narrowed by his ongoing participation in civil discovery long after he understood that a criminal investigation was possible. When Mr. Raber was first contacted by the investigator on August 18, he immediately referred that investigator to criminal counsel for Mr. Lancaster. That Mr. Lancaster had already retained criminal counsel strongly suggests that he knew before August 18 that criminal action was possible. Notwithstanding that knowledge, he participated in informal and formal discovery for months until he asserted on October 7 his intention to seek a stay.

### C. The Other *Keating* Factors Preclude A Stay.

Even if the lack of an indictment and the lack of overlap between the civil and criminal cases did not preclude a stay, a stay would not be appropriate in light of the other five *Keating* factors. *See Keating*, 45 F. 3d at 324-325.

### 1.     Apple Would Be Materially Prejudiced By A Stay.

The prejudice to Apple from a stay weighs heavily in favor of denial. It is well established that "[a] civil plaintiff has an interest in having their case resolved quickly." *Christian v. Rutkowski*, No. 214CV08924ODWMRWX, 2015 WL 5456600, at *2 (C.D. Cal., Sept. 17, 2015) (citing *Roberts v. Brown*, No. 2:13-CV-07461-ODW, 2014 WL 3503094, at *1 (C.D. Cal. July 14, 2014)). When a stay is granted, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) (citation omitted)). The prejudice here is particularly acute, because the absence of an indictment means that Mr. Lancaster is seeking an indefinite stay of these civil proceedings.

Mr. Lancaster argues that Apple "primarily seeks money damages" (Mot. at 8:22), but he is mistaken. The complaint seeks various forms of injunctive relief against Mr. Lancaster. *See* Dkt. 1, ¶¶ 67, 78, 93. Given the value of Apple's trade secrets and Mr. Lancaster's assets, the injunctive relief will likely be of substantially greater value to Apple. In any event, courts have found that an interest in enforcing and obtaining further injunctive relief weighs against imposition of a stay. *See Gen. Elec. Co. v. Liang*, CV 13-08670 DDP VBKX, 2014 WL 1089264, at *4 (C.D. Cal. March 19, 2014) ("GE has significant interests in determining whether, and if so to whom, its trade secrets may have been disclosed so that it can seek any necessary further preliminary injunctive relief."); *Melendres v. Maricopa Cty.*, No. 07-CV-02513-PHX-GMSM, 2009 WL 2515618 (D. Az. Aug. 13, 2009) (when applying the *Keating* factors to a request for a stay pending a DOJ investigation, "the fact that Plaintiffs here seek injunctive relief against ongoing and further harm further counsels against a stay").

Moreover, "[a] number of courts have recognized that 'plaintiffs' interest in damages might not be adequately protected' if the court grants a stay, during which time defendant's remaining assets would be spent." *eBay, Inc.*, 2010 WL 702463, at *5 (citing *Applied Materials, Inc.*, 1995 WL 261451, at *2-3). "This concern is compounded when there is no criminal action pending." *Id.* (citing *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 579 (S.D.N.Y. 2001)). Apple will be prejudiced if, during a stay of indefinite length, Mr. Lancaster

exhausts or removes his assets before damages can be assessed. *Applied Materials, Inc.*, 1995 WL 261451, at *2 ("[I]f this case is delayed defendants will use their remaining assets to pay for counsel to defend the current civil and future criminal actions, thereby reducing plaintiffs' chances of recovering any money."); *eBay, Inc.*, 2010 WL 702463, at *6 ("Potentially criminal conduct should not serve as a 'shield against a civil law suit and prevent plaintiff from expeditiously advancing its claim.'") (citing *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118 (S.D.N.Y. 1980)).

### 2. Mr. Lancaster Will Not Be Prejudiced Without A Stay.

Mr. Lancaster asserts that he will be burdened by (1) being "forc[ed] to choose" between invoking his Fifth Amendment privilege and his right to mount a civil defense, and (2) "the cost and expense of concurrently addressing the claims and Criminal Investigation." Dkt. 33, ¶¶ 4, 9. But, as noted above, there is only limited overlap between the civil and anticipated criminal cases, and "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. In any event, Mr. Lancaster "point[s] to nothing that suggests that the dilemma [he faces] is more pointed or difficult" than in any other case of parallel proceedings. *Sterling Nat'l Bank*, 175 F. Supp. 2d at 578.

Mr. Lancaster neither identifies any particular issue where he faces a Fifth Amendment dilemma nor establishes a basis on which he should be excused from participating in parallel civil and criminal proceedings. *See Molinaro*, 889 F.2d at 903 ("The possibility that criminal indictments would be brought against Molinaro may have made responding to civil charges more difficult for him, but the court did not abuse its discretion by deciding that this difficulty did not outweigh the other interests involved."); *Applied Materials, Inc.*, 1995 WL 261451, at *3 ("less drastic remedies can protect defendant's 5th Amendment privileges, such as by answering with truthful information that does not incriminate the defendant, with protective orders, and coordination of discovery"). The limited scope of the anticipated indictment, combined with any limited Fifth Amendment privilege remaining to Mr. Lancaster, precludes him from showing the required substantial prejudice.

### 3. A Stay Does Not Advance The Convenience Of The Court Or Judicial Efficiency.

"As a general matter, 'the court has an interest in clearing its docket.'" *Gen. Elec. Co.*, 2014 WL 1089264, at *6 (citing *Molinaro*, 889 F.2d at 903; *eBay, Inc.*, 2010 WL 702463, at *3.) "This is particularly so where—as here—no indictment has been returned and 'there is no way to predict when the criminal investigation will end.'" *Id.* (citing *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998)); *IBM*, 857 F. Supp. at 1392 ("[a] stay would disrupt the court's calendar by indefinitely postponing trial as the defendants' criminal proceedings wend their way through the state criminal justice system"). Indeed, "this factor typically weighs against the granting of a stay." *Gen. Elec. Co.*, 2014 WL 1089264, at *6.

Mr. Lancaster's reliance on *Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 15-CV-02440-GPC-WVG, 2016 WL 2868698, at *4 (S.D. Cal. May 17, 2016) is misplaced. Although that court acknowledged a stay "may make more efficient use of judicial resources," it ultimately held that "this factor on balance favors Plaintiff." *Id.* at *5. *General Electric* is a more compelling authority. 2014 WL 1089264, at *6. There, defendant similarly argued "that if the civil case goes forward, the court is likely to be burdened with various discovery motions involving [the defendant's] invocation of his Fifth Amendment rights." *Id.* The court rejected this argument, determining that "the consequence of a stay would be unclear in the absence of an indictment and 'the extent to which common issues would be resolved in a criminal proceeding is speculative when no criminal charges are pending.'" *Id.* (quoting *eBay, Inc.*, 2010 WL 702463, at *2). The *General Electric* court therefore held that "convenience in managing its cases and interests of judicial efficiency are best served by declining to stay the instant action." *Id.* The same is true here: "[s]taying a civil case until the resolution of a criminal case is inconvenient for the court, especially where . . . there is no date set for the criminal trial." *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014).

### 4. The Interests Of Third Parties And The Public Are Not Furthered By A Stay.

Mr. Lancaster asserts that "[n]o other interests apart from those of plaintiff will be affected by this stay." Dkt. 33 at 10. Not so. As set forth in the complaint, Mr. Lancaster

misappropriated confidential information that might assist his new employer. Dkt. 1, ¶ 52. That company has an interest in understanding what Mr. Lancaster took, whether he used that material at that company, and whether that company needs to take remedial measures.

As to the public interest, it does not weigh in favor of a stay where no indictment exists. *See Gen. Elec.*, 2014 WL 1089264, at *6 ("where—as here—'the timing and scope of [any] potential indictment are unknown' . . . the risk of an unfair criminal proceeding must be given less weight because such concerns are necessarily speculative.") Furthermore, this District recognizes that "white collar crime can affect the public indirectly, through loss of jobs and higher consumer prices." *Applied Materials, Inc.*, 1995 WL 261451, at *4.

## IV.   <u>CONCLUSION</u>

Apple should not be delayed in pursuing its claims against Mr. Lancaster solely because his misappropriation of Apple's trade secrets might also justify criminal charges. *See Sterling Nat'l*, 175 F. Supp. 2d at 575 ("It would be perverse if plaintiffs who claim to be the victims of criminal activity were relegated to receive slower justice than other plaintiffs simply because the behavior they allege is egregious enough to attract the attention of criminal authorities"). Particularly in light of the lack of an indictment, the limited potential overlap, and Mr. Lancaster's narrow Fifth Amendment rights at issue, he cannot show the substantial prejudice required for a stay. The motion should be denied.

DATED: October 21, 2021

DAVID R. EBERHART
SHARON M. BUNZEL
ANDREW M. LEVAD
O'MELVENY & MYERS LLP

By: */s/ David R. Eberhart*
       DAVID R. EBERHART

Attorneys for Plaintiff
Apple Inc.