Scott R. Raber (SBN 194924)
*scott.raber@rimonlaw.com*
Matthew H. Poppe (SBN 177854)
*matthew.poppe@rimonlaw.com*
RIMON, P.C.
423 Washington Street, Suite 600
San Francisco, CA  94111
Telephone:  415.693.9208
***Attorneys for Defendant***
***SIMON LANCASTER***

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMON LANCASTER, an individual,<br><br>Defendant. | CASE NO.: 3:21-cv-01707-EMC<br><br>**DEFENDANT SIMON LANCASTER'S REPLY IN SUPPORT OF MOTION TO STAY THIS ACTION PENDING RESOLUTION OF THE RELATED CRIMINAL CASE**<br><br>Date:   November 18, 2021<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 5<br>Judge:  The Hon. Edward M. Chen |

# **TABLE OF CONTENTS**

I.      INTRODUCTION..........................................................................................................1

II.     ARGUMENT……………………………………………………………………...2

        A.      The Lack of an Indictment is Not Determinative…………………………………..2

        B.      Apple Falsely Minimizes the Degree of Overlap Between the
                Criminal Investigation and its Allegations……………………………………….....4

        C.      Apple's Suggestion that Lancaster Has Waived His Fifth Amendment
                Rights is Both Legally and Factually Incorrect……………………………………5

        D.      The Balance of *Keating* Factors Compels the Need for a Stay…………………...7

                1.  Apple, Which Waited Months After Lancaster's Employment Ended to
                    Initiate This Action, Has Articulated No Prejudice—Whereas Lack of a Stay
                    Will Prejudice Lancaster…………………………………………………………...7

                2.  A Stay Will, In Fact, Advance Judicial Efficiency………………………….........8

                3.  No Third-Party or Public Interest is Served By Allowing
                    Both Matters to Proceed…………………………………………………….......9

III.    CONCLUSION………………………………………………………………………10

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Colorado v. Spring,*

5
479 U.S. 564 (1987)...................................................................................................6

6

*Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.,*
No. 15-CV-02440 GPC (WVG), 2016 WL 2868698 (S.D. Cal. May 17, 2016) .....................2

7

*Douglas v. United States,*

8
No. C 03-04518 JW, 2006 WL 2038375 (N.D. Cal. July 17, 2006) ........................................9

9

*eBay, Inc. v. Digital Point Sols., Inc.,*

10
No. C 08-4052 JF (PVT), 2010 WL 702463 (N.D. Cal. Feb. 25, 2010) ................................3

11

*Federal Savings and Loan Ins. Corp. v. Molinaro,*
889 F.2d 899 (9th Cir.1989) ....................................................................................6

12

*Ford v. Levy,*

13
No. 04 C 8356, 2006 WL 8461527 (N.D. Ill. Aug. 25, 2006)................................................7

14

*Gen. Elec. Co. v. Liang,*

15
No. CV 13-08670 DDP.......................................................................................................3

16

*Int'l Bus. Machines Corp. v. Brown,*
857 F. Supp. 1384 (C.D. Cal. 1994) ......................................................................6

17

*Jones v. Conte,*

18
No. C 045312SI, 2005 WL 1287017 (N.D. Cal. Apr. 19, 2005)............................................9

19

*In re Master Key Litig.,*

20
507 F.2d 292 (9th Cir. 1974) ....................................................................................7

21

*Rogers v. United States,*
340 U.S. 367 (1951)...................................................................................................6

22

*Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.,*

23
175 F. Supp. 2d 573 (S.D.N.Y. 2001) .........................................................................3

24

*United States v. $295,726.42 in Acct. Funds Seized,*
279 F. Supp. 3d 1050 (C.D. Cal. 2018) ................................................................6

25

26

*United States v. Neff,*
615 F.2d 1235 (9th Cir. 1980) ...........................................................................5, 6

27

*Wehling v. Columbia Broad. Sys.,*

28
608 F.2d 1084 (5th Cir. 1979) ....................................................................................4

ii

LANCASTER'S REPLY ISO MOTION TO STAY ACTION PENDING RESOLUTION OF RELATED CRIMINAL CASE
*Apple Inc. v. Lancaster*, Case No. 3:21-CV-01707-EMC

*Williams v. Dumaguindin*,
    No. 220CV09042VAPASX, 2021 WL 4464189 (C.D. Cal. Aug. 26, 2021) ........................2, 8

*Wroth v. City of Rohnert Park*,
    No. 17-CV-05339-JST, 2018 WL 888466 (N.D. Cal. Feb. 14, 2018) ......................................3

**Other Authorities**

U.S. Const., amend. V ....................................................................................................................5

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     <u>INTRODUCTION</u>**

Had Apple not surreptitiously registered a criminal complaint to the Santa Clara County District Attorney's Office ("SCCDA") regarding Simon Lancaster ("Lancaster") well before it filed its civil action, there would be no question of Lancaster's Fifth Amendment rights or the need for a stay of the civil matter. Instead, Apple chose to press its hand by pursuing both civil and criminal remedies, and now cries foul when Lancaster seeks a stay to avoid necessarily invoking (or possibly forfeiting) his constitutional right against self-incrimination in this matter, while the SCCDA investigates precisely the same conduct.

Apple contends that the lack of an indictment alone is fatal to Lancaster's stay motion. As Ninth Circuit courts have often recognized, it is not, and stays of civil proceedings are not at all unusual before charges have been filed. The issue is whether Lancaster's Fifth Amendment rights are likely to be implicated in the civil matter. Here, there is no question they are, given the fact that the SCCDA is actively investigating Lancaster for the same felony trade secret misappropriation that Apple alleges in its civil Complaint.

Lancaster's anticipated invocation of his Fifth Amendment rights is not theoretical, given the near-identical overlap between the criminal investigation and Apple's claims. Apple acknowledges, as it must, that it alleges trade secret misappropriation by Lancaster over many months *preceding* and after Lancaster's resignation from Apple in November 2019. The far-reaching warrants executed by the SCCDA, both before and after the commencement of this action, demonstrate that the State is also pursuing charges related to the same time period and same scope of information. Those warrants sought and presumably obtained a variety of information stored in Lancaster's online accounts and computers. In trying to avoid a stay and claim separateness between this action and the criminal investigation, Apple offers no information to suggest that the criminal investigation is confined solely to events on or around Lancaster's last day of employment—and the SCCDA's own warrant documentation proves otherwise.

Even more disingenuously, Apple suggests that Lancaster has somehow elected to forgo his constitutional right against self-incrimination by "participating" in discovery. But there is no

1

factual or legal basis for the claim that Lancaster has waived his Fifth Amendment protections. Lancaster has not significantly participated in discovery in this matter – and to the extent he has, he did so without knowledge of either the pending criminal investigation or the warrants executed by the SCCDA, so there was no knowing or voluntary waiver. The first indication Lancaster had that he was even under investigation was little more than two months ago. Lancaster promptly brought the stay motion after receiving information concerning the full scope of the pending investigation and potential criminal liability he faced.

The status of the criminal proceeding is just one of the *Keating* factors, all of which demonstrate that the balance of interests favors issuing a stay, as Lancaster would suffer substantial prejudice here were this matter to proceed while the criminal investigation goes forward—whereas Apple, which delayed bringing this action for over a year after Lancaster's resignation, will not.

## II.   ARGUMENT

### A.  The Lack of an Indictment is Not Determinative.

Apple argues that because no indictment has been returned against Lancaster in the criminal investigation, the motion for stay should be denied on that basis alone. In so doing, Apple overstates the relevant authorities. Courts in the Ninth Circuit have certainly issued stays despite no pending criminal charges where, as here, there was substantial overlap between a criminal investigation and the allegations in the civil lawsuit. *See, e.g.*, *Williams v. Dumaguindin*, No. 220CV09042VAPASX, 2021 WL 4464189, at *3-5 (C.D. Cal. Aug. 26, 2021) (issuing 90-day stay where, although no criminal charges filed, the "overlap between the criminal investigation and the allegations in th[e] case [was] apparent," and a short stay would not drastically delay the disposition of the case or prejudice plaintiffs); *Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 15-CV-02440 GPC (WVG), 2016 WL 2868698, at *3 (S.D. Cal. May 17, 2016) ("[Defendant's] Fifth Amendment rights are clearly implicated . . . although no criminal charges have been filed, the Court has been presented with evidence of a current, ongoing law enforcement investigation . . . based on the same conduct as here . . . "); *Estate of Limon v. City of Oxnard*,

2

LANCASTER'S REPLY ISO MOTION TO STAY ACTION PENDING RESOLUTION OF RELATED CRIMINAL CASE
*Apple Inc. v. Lancaster*, Case No. 3:21-CV-01707-EMC

No. CV 13-01961 SS, 2013 WL 12131359, at *4 (C.D. Cal. Dec. 10, 2013) (finding that "the Fifth Amendment rights of the individual officer defendants [were] directly implicated because the instant civil lawsuit and the DA's investigation arise out of the same nucleus of facts" warranting a limited stay despite no indictment); *Wroth v. City of Rohnert Park*, No. 17-CV-05339-JST, 2018 WL 888466, at *2 (N.D. Cal. Feb. 14, 2018)

In *Wroth*, the court found that, although no indictment had been issued, the defendants "still ha[d] legitimate concerns about potential impending criminal prosecution," and, therefore, had "significant, though not overwhelming Fifth Amendment interests that must be considered in light of [the Court's] analysis of the other *Keating* factors." *Wroth, supra*, at *2 (internal citations omitted). In reaching the conclusion that Defendant's Fifth Amendment rights "weigh[ed] in favor of a short stay," the court found it significant that, like here, "Defendants ha[d] not asked for an indefinite stay, but ha[d] made a request for a temporary stay while the criminal investigation [was] completed, lessening the prejudice to Plaintiffs." *Id.*

While it is true that courts may consider the prejudice to a defendant to be more remote or speculative pre-indictment, this is just one of the sub-factors the court must balance in determining the risk to the defendant's Fifth Amendment rights (along with the other *Keating* factors), and "a stay should not be categorically denied solely because the defendant has not been indicted."  *Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP VBKX, 2014 WL 1089264, at *3-4 (C.D. Cal. Mar. 19, 2014) (finding that although the lack of any indictment resulted in "real but diminished Fifth Amendment interests," those interests "must [still] be considered in light of the other *Keating* factors").

The *eBay, Inc. v. Digital Point Sols., Inc.* case cited by Apple for the proposition that a stay is inappropriate pre-indictment makes clear that "[t]he status of the criminal proceeding is crucial, *though not determinative*, in a court's decision whether or not to stay the civil case." *eBay, Inc. v. Digital Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010) (emphasis added); *see also Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) (applying the *Keating* factors and finding that "[t]here is no question

that a court has discretion to stay a civil litigation even in favor of a pending investigation that has not ripened into an indictment").

Where, as here, the other *Keating* factors—interests of the plaintiff, burden on defendant, interests of the court, and the public interest—weigh in favor of Lancaster, staying civil discovery will not cause undue harm to anyone, but will protect Lancaster "from *unnecessary* adverse consequences." *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979) (emphasis in original) (denial of stay of further discovery was an abuse of discretion where "staying discovery would not impose undue hardship on defendant and, therefore, would protect the party exercising a constitutional privilege from *unnecessary* adverse consequences").

Lancaster is not requesting an indefinite stay; he seeks a stay until such time as the criminal investigation or any subsequent criminal proceedings have concluded. The Court may readily set benchmarks to determine the status of the criminal investigation and whether a continued stay is appropriate.

### B. Apple Falsely Minimizes the Degree of Overlap Between the Criminal Investigation and its Allegations.

Ignoring the evidence and sworn testimony submitted by Lancaster with his moving papers, Apple inexplicably claims, absent any contrary factual support, that the criminal investigation has "limited overlap" with its own allegations of trade secret theft. Opp. 4:25-26. Nor does Lancaster "concede," as Apple claims, that the criminal investigation comprises either a "small portion" of Apple's claims or that the criminal investigation is focused only on events that allegedly occurred on Lancaster's last day of employment. To the contrary, the SCCDA search warrants—apparently undertaken after Apple made a criminal complaint—appear to overlap *entirely* with Apple's assertions of alleged trade secret misappropriation by Lancaster in its Complaint, based on the dates and substance of the material searched. *See, e.g.,* ECF 33-2 (Olmos Decl., Ex. A), at 6, 10, 17, 24-25, 27-28.

While one of the search warrants submitted with the declaration of Lancaster's criminal counsel expressly seeks information from Lancaster's last day of employment, the warrants also make abundantly clear that the SCCDA is investigating Lancaster's conduct for a period of

4

*months* preceding his last day at Apple. *Ibid.,* at 6 ("On February 25, 2021 a Search Warrant was served to Google, Box, Comcast, and Apple . . . for electronic information (Google *6/1/19 to 3/1/20*, Box *4/1/19 to 12/1/19*, Comcast *6/1/19 to 3/1/20*, Apple 6/1/19 to 3/1/20)") (Emphasis added.). Thus, the SCCDA executed search warrants on Google, Box, Comcast, and Apple for a variety of information, dating back as early as *April 2019*, well before Lancaster's last day of employment, including IP addresses, browsing history, digital images, calendar information, email content, electronic files, and other device and account information. *Ibid.,* (Ex. A) at 6, 10, 17, 24-25, 27-28.

Additionally, the search warrants sought the forensic image of a MacBook from June 1, 2019 to March 13, 2021 and the complete backup for an iMac owned by Lancaster, which presumably also would have contained files created or stored long before the backup date. *See* ECF 33-2, at 6, 12. Apple apparently referred this matter to the SCCDA well before it filed its civil Complaint, so it is no surprise that the government has also executed search warrants concerning information and time frames that indisputably arise from the same "nucleus of facts" as Apple's allegations – namely, Lancaster's alleged misappropriation at Apple in the months prior to his employment resignation. ECF 1 (Compl., ¶¶ 36-51.) It is simply false to assert that there is no "substantial overlap" between the civil and criminal matters, and Apple provides no basis to suggest otherwise.

Given the fact that these matters arise from the same nucleus of facts and the obvious degree of overlap, a stay is appropriate.

### C.     Apple's Suggestion that Lancaster Has Waived His Fifth Amendment Rights is Both Legally and Factually Incorrect.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." (U.S. Const., amend. V.) Invocation of the privilege requires the defendant's awareness of "substantial hazards of self incrimination" that are "real and appreciable." *United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir. 1980) (internal citation omitted). Moreover, the defendant "must have 'reasonable cause to apprehend (such) danger from

1  a direct answer' to questions posed to him." *Id.* (*quoting Hoffman v. United States*, 341 U.S. 479,

2  486 (1951)).

3      Here, Lancaster did not know he was under criminal investigation when he provided

4  discovery responses, and therefore he could not have validly raised his Fifth Amendment rights let

5  alone knowingly and voluntarily waived those rights. *Colorado v. Spring*, 479 U.S. 564, 572

6  (1987) ("a suspect may waive his Fifth Amendment privilege, 'provided the waiver is made

7  voluntarily, knowingly and intelligently.'") (*quoting Miranda v. Arizona*, 384 U.S. 436, 444

8  (1966).  Moreover, apart from his production of a forensic iCloud account image earlier this year,

9  the discovery responses Lancaster has provided thus far have contained minimal substantive

10  information and have, therefore, not contained incriminating information that would trigger Mr.

11  Lancaster's Fifth Amendment rights, or waiver thereof.  *Rogers v. United States*, 340 U.S. 367,

12  374 (1951).

13      Cases finding waiver of one's Fifth Amendment rights as a basis for denying a stay of civil

14  proceedings involve circumstances entirely different than those here. *See, e.g.*, *Federal Savings*

15  *and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir.1989) (where defendant had already

16  provided deposition testimony on substantive issues of the case, his Fifth Amendment right

17  became "negligible" and could not provide the basis of a stay); *Int'l Bus. Machines Corp. v.*

18  *Brown*, 857 F. Supp. 1384, 1390 (C.D. Cal. 1994) (same).

19      Apple cites *United States v. $295,726.42 in Acct. Funds Seized*, 279 F. Supp. 3d 1050

20  (C.D. Cal. 2018) in support of its argument that providing interrogatory responses constitutes a

21  waiver of one's Fifth Amendment rights. That case is inapposite as it involved a defendant in a

22  single civil forfeiture case *brought by the US Attorney's Office*. There, the court rejected

23  defendant's argument that ordering him to provide further responses to interrogatories he had

24  already answered in the same proceeding (brought by the government) would violate his Fifth

25  Amendment rights. Here, Mr. Lancaster provided a handful of interrogatory and document request

26  responses in a civil action before he became aware that he was the subject of a separate criminal

27  investigation.

28

Apple's reliance on *Ford v. Levy*, No. 04 C 8356, 2006 WL 8461527 (N.D. Ill. Aug. 25, 2006) is similarly misplaced. That case involved a plaintiff who provided certain interrogatory responses that "purportedly contained incriminating information" (unlike here, where Mr. Lancaster has not provided incriminating interrogatory responses). Importantly, the Court found that the provision of these interrogatory responses "did not result in a complete waiver of [defendant's] Fifth Amendment rights," and that, in fact, the defendant could, during his deposition, "assert the Fifth Amendment privilege on a question-by-question basis," since the Court's finding of waiver only pertained to "the facts disclosed and the details regarding those facts, so long as disclosure of the additional details [did] not pose a danger of further incrimination." *Ford v. Levy*, No. 04 C 8356, 2006 WL 8461527, *2 (N.D. Ill. Aug. 25, 2006).

Even where waiver has occurred as to some particular fact, that does not prevent a defendant from subsequently raising his Fifth Amendment rights as to the details surrounding that fact, where additional testimonial evidence on that fact or topic "could possibly incriminate him further." *In re Master Key Litig.*, 507 F.2d 292, 294 (9th Cir. 1974). Here, additional discovery in the pending civil action could incriminate Mr. Lancaster further and he has a right to assert the protections of the Fifth Amendment to prevent further incrimination. To the extent Lancaster has already participated in good faith in the requirements of this litigation before learning about the criminal investigation, he has not inadvertently waived his Fifth Amendment rights, nor conceded the propriety of a stay while that investigation is resolved.

**D.     The Balance of *Keating* Factors Compels the Need for a Stay.**

**1.     Apple, Which Waited Months After Lancaster's Employment Ended to Initiate This Action, Has Articulated No Prejudice—Whereas Lack of a Stay Will Prejudice Lancaster.**

Apple's assertions of material prejudice from a stay ring hollow. Apple waited over sixteen months after Lancaster resigned his position to bring claims for misappropriation that allegedly occurred in the months leading up to and around the time of Lancaster's resignation. After filing its Complaint on March 11, 2021, the company sought no emergency injunctive relief. So, while Apple may certainly continue to seek injunctive relief as a remedy in this matter, its litigation

conduct to date is not consistent with any claimed exigency. Nor does Apple demonstrate, beyond the hypothetical, how a pause of this litigation will further alter the status quo to its detriment, while the criminal investigation continues and presumably brings some measure of resolution to the allegations.

Lancaster is not asking to unilaterally delay his discovery obligations; he is asking to avoid a situation wherein he is forced to participate in civil proceedings and is likely forced to repeatedly assert his Fifth Amendment rights (leading inevitably to additional discovery disputes). Moreover, the existing case deadlines were predicated on entirely different assumptions: had Lancaster known at the Initial Case Management Conference that he was subject to criminal investigation, there is no question the substance of that conference would have been much different and that he would have sought a different case schedule (or at least surfaced these issues with the Court). Instead, in the five months between the filing of its Complaint and the Initial Case Management Conference, Apple kept Lancaster in the dark about the existence of a pending criminal investigation.

Finally, Apple suggests that it will be prejudiced by a stay because Lancaster might "exhaust" his assets before any damages can be assessed. Opp. 7:28-8:7. Apart from the fact that Apple's Complaint pleads no specific damages, the company's suggestion that Lancaster will deplete *fewer* of his assets if he is forced to continue defending against both criminal proceedings *and* the civil matters simultaneously is absurd and at odds with reality. Indeed, in the absence of a stay, the expected increased complexity and costs of both matters will only hasten Lancaster's depletion of resources.

### 2.  A Stay Will, In Fact, Advance Judicial Efficiency.

Given the substantial overlap between both the civil action and the criminal investigation, a stay is likely to further streamline what may ultimately be litigated (or not) in this matter. For example, the resolution of the criminal matter may narrow the breadth of Apple's allegations or the scope of civil discovery, which will promote judicial efficiency and may benefit non-parties. *See, e.g., Williams v. Dumaguindin*, No. 220CV09042VAPASX, 2021 WL 4464189, at *4 (C.D. Cal. Aug. 26, 2021) ("allowing time for the criminal investigation to proceed might in fact

8

render discovery in this matter more efficient.  For example, it may eliminate the need for discovery motions related to [defendant's] assertion of Fifth Amendment privilege.") (internal citations omitted); *Jones v. Conte*, No. C 045312SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (finding that a stay will conserve judicial resources by allowing the investigation to resolve common issues of fact and ensuring that civil discovery proceeds without Fifth Amendment concerns); *Douglas v. United States*, No. C 03-04518 JW, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) (noting that the results of a criminal trial may save "some witnesses the time and cost of appearing at all").

### 3.  No Third-Party or Public Interest is Served By Allowing Both Matters to Proceed.

Presuming to speak for unnamed third parties, Apple curiously asserts – again without any evidentiary support, and merely restating allegations of its Complaint – that Lancaster took information that "might assist" his "new" employer. As Apple well knows, Lancaster has not been employed by that company for months, nor is that company a party to these proceedings. Moreover, Apple does not explain how the criminal investigation will be any less effective in ferreting out whether any wrongdoing occurred during Lancaster's subsequent employment or whether his former employer "needs to take remedial measures." Opp. at 10:3.

By contrast, "[t]he public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases." *Douglas*, 2006 WL 2038375, at *6 (internal quotation marks and citations omitted). Absent a stay here, Lancaster's criminal defense is almost certain to be "subverted" by Apple's continued civil litigation, as Lancaster is forced to assess, in a vacuum and continuously, the ancillary impact of responding to discovery requests and asserting his rights against self-incrimination. Conversely, not granting a stay will effectively reward Apple's lack of candor about its efforts to seek criminal sanctions concurrently, while potentially further jeopardizing Lancaster's criminal defense and exposure.

/ / /

/ / /

/ / /

9

LANCASTER'S REPLY ISO MOTION TO STAY ACTION PENDING RESOLUTION OF RELATED CRIMINAL CASE
*Apple Inc. v. Lancaster*, Case No. 3:21-CV-01707-EMC

III.    **CONCLUSION**

For the foregoing reasons, the Court should stay the instant proceedings pending resolution of the Santa Clara County District Attorney's ongoing criminal investigation or any resulting criminal charges.

Dated: October 28, 2021                                    RIMON, P.C.


                                                           _/s/ Scott R. Raber_____
                                                           Scott R. Raber
                                                           *Attorneys for Defendant*
                                                           SIMON LANCASTER

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on October 28, 2021 the within document was filed with the Clerk of

4   the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this

5   case.

6

7                                        */s/ Scott R. Raber*
                                         Scott R. Raber

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANCASTER'S REPLY ISO MOTION TO STAY ACTION PENDING RESOLUTION OF RELATED CRIMINAL CASE
*Apple Inc. v. Lancaster*, Case No. 3:21-CV-01707-EMC