1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  SHARON M. BUNZEL (S.B. #181609)
   sbunzel@omm.com
3  ANDREW M. LEVAD (S.B. #313610)
   alevad@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center
5  28th Floor
   San Francisco, California 94111-3823
6  Telephone:   +1 415 984 8700
   Facsimile:   +1 415 984 8701
7
   Attorneys for Plaintiff
8  APPLE INC.

   SCOTT R. RABER (S.B. #194924)
   scott.raber@rimonlaw.com
   MATTHEW POPPE (S.B. #177854)
   matthew.poppe@rimonlaw.com
   RIMON, P.C.
   423 Washington Street, Suite 600
   San Francisco, CA 94111
   Telephone: 415.693.9208

   Attorneys for Defendant
   SIMON LANCASTER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMON LANCASTER, an individual,<br><br>Defendant. | Case No. 3:21-cv-01707-EMC<br><br>**JOINT STATUS REPORT**<br><br>DATE:   January 18, 2021<br>TIME:   2:30 p.m.<br>JUDGE: Hon. Edward M. Chen |

1    Pursuant to the Court's Order (Dkt. 41) on Defendant Simon Lancaster's Motion to Stay
2 (Dkt. 33), Plaintiff Apple Inc. and Defendant Simon Lancaster respectfully submit this Joint
3 Status Report and a proposed schedule regarding the remainder of the key pre-trial dates.

*Plaintiff Apple's Statement*

The stay should be lifted in its entirety when it expires on January 17, 2021, because no indictment of Mr. Lancaster has issued. Apple will be prejudiced if it cannot pursue this litigation by taking party discovery, particularly if it is prohibited from obtaining documents from Mr. Lancaster and taking Mr. Lancaster's deposition. As suggested by the Court during the hearing on the motion to stay, Apple asked the Santa Clara District Attorney's office whether it would produce materials it had obtained via search warrant if Apple issued a subpoena for those materials. However, the office declined to agree to that procedure. Consequently, Apple has been unable to procure evidence in the possession, custody, or control of Mr. Lancaster. This has prejudiced Apple and rendered it impossible for Apple to investigate and build its case in chief. *See eBay, Inc. v. Digital Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010 WL 702463, at *6 (N.D. Cal. Feb. 25, 2010). What is more, because no indictment has issued—and may never issue—the delay to Apple's case is potentially indefinite. *Id.* In this circumstance, the Ninth Circuit and California district courts decline civil defendants' requests to impose or extend stays. *SEC v. Global Express Capital Real Estate Inv. Fund*, 289 Fed. Appx. 183, 191 (9th Cir. 2008); *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, No. C95-20129RMW(EAI), 1995 WL 261451, at *3; *Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP VBKX, 2014 WL 1089264, at *1 (C.D. Cal. Mar. 19, 2014); *Macaluso v. Davenport*, No. 11CV118-WQH-MDD, 2011 WL 2015525, at *2. The Court here should not allow the stay to extend into perpetuity. Thus, an extension of the stay is neither needed nor warranted.

The Court ordered Mr. Lancaster to complete his production of documents responsive to Apple's First Requests for Production within seven days of lifting of the stay. Dkt. 40. It also recognized that the fact discovery deadline will need to be extended by at least 60 days to accommodate the stay. Dkt. 41. Apple proposes that the fact discovery deadline and all key pre-trial dates be extended by a total of 67 days as set forth in the chart below.

*Defendant Simon Lancaster's Statement*

As Lancaster extensively briefed in connection with the Motion to Stay Proceedings, the fact that no indictment has *yet* issued is not determinative of whether a continued stay of proceedings is warranted. Under the various factors outlined in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995), the balance of interests favors maintaining a stay for another modest sixty-day period, because Lancaster will suffer substantial prejudice were this matter to proceed while the criminal investigation goes forward. While Lancaster appreciates that the Court may not indefinitely delay this matter, the balance of interests here continues to justify a brief continuance of the current stay to determine whether the Santa Clara County District Attorney ("SCCDA") will pursue charges against Lancaster – and the SCCDA has not ruled out such charges. Indeed, Lancaster's criminal counsel has continued to reach out to the SCCDA and has received no indication whatsoever that the investigation has terminated (consistent with Apple's acknowledgement that SCCDA has indicated it will also not currently share investigative materials with Apple).

Apple once again overstates the weight that should be afforded to the lack of an indictment at present: Ninth Circuit courts do, in fact, routinely maintain stays despite no pending criminal charges where, as here, substantial overlap exists between a criminal investigation and the allegations in the civil lawsuit. *See, e.g.*, *Williams v. Dumaguindin*, No. 220CV09042VAPASX, 2021 WL 4464189, at *3-5 (C.D. Cal. Aug. 26, 2021) (issuing 90-day stay where, although no criminal charges filed, the "overlap between the criminal investigation and the allegations in th[e] case [was] apparent," and a short stay would not drastically delay the disposition of the case or prejudice plaintiffs); *Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 15-CV-02440 GPC (WVG), 2016 WL 2868698, at *3 (S.D. Cal. May 17, 2016) ("[Defendant's] Fifth Amendment rights are clearly implicated . . . although no criminal charges have been filed, the Court has been presented with evidence of a current, ongoing law enforcement investigation . . . based on the same conduct as here . . . "); *Estate of Limon v. City of Oxnard*, No. CV 13-01961 SS, 2013 WL 12131359, at *4 (C.D. Cal. Dec. 10, 2013) (finding that "the Fifth Amendment rights of the individual officer defendants [were] directly implicated

1  because the instant civil lawsuit and the DA's investigation arise out of the same nucleus of facts"
2  warranting a limited stay despite no indictment); *Wroth v. City of Rohnert Park*, No. 17-CV-
3  05339-JST, 2018 WL 888466, at *2 (N.D. Cal. Feb. 14, 2018).

4   Apart from the lack of a formal charging document, the other *Keating* factors—interests
5  of the plaintiff, burden on defendant, interests of the court, and the public interest—weigh in
6  favor of a modest extension of the stay. Further staying civil discovery will not cause undue harm
7  to Apple (who presumably referred the matter to the SCCDA before filing this lawsuit), but will
8  protect Lancaster "from *unnecessary* adverse consequences." *Wehling v. Columbia Broad. Sys.*,
9  608 F.2d 1084, 1089 (5th Cir. 1979) (emphasis in original) (denial of stay of further discovery
10 was an abuse of discretion where "staying discovery would not impose undue hardship on
11 defendant and, therefore, would protect the party exercising a constitutional privilege
12 from *unnecessary* adverse consequences"). It is virtually certain that additional discovery disputes
13 over Fifth Amendment protections will arise if the stay is lifted now. Moreover, Apple has been
14 able to conduct substantial third-party discovery during the stay, consistent with the Court's prior
15 order, and has issued several subpoenas. By contrast, a modest continuance of an additional sixty
16 days will undoubtedly help the parties assess the realistic likelihood of indictment issuing, while
17 protecting Lancaster's rights.

*Proposed Schedule*

| EVENT | CURRENT DATE/ DEADLINE | APPLE'S PROPOSAL | LANCASTER'S PROPOSAL |
|---|---|---|---|
| Stay Lifted | January 17, 2022 | January 17, 2022 | March 18, 2022 |
| Mr. Lancaster to produce documents responsive to Apple's First Requests for Production | January 24, 2022 | January 24, 2022 | March 25, 2022 |
| Fact Discovery Cutoff | January 20, 2022 | March 28, 2022 | May 27, 2022 |
| Exchange Opening Expert Reports | February 17, 2022 | April 25, 2022 | June 27, 2022 |
| Exchange Rebuttal Expert Reports | March 10, 2022 | May 16, 2022 | July 12, 2022 |

| | | | |
|---|---|---|---|
| File Dispositive Motions | March 24, 2022 | May 30, 2022 | July 29, 2022 |
| Expert Discovery Cutoff | March 31, 2022 | June 6, 2022 | August 8, 2022 |
| Last Day to Hear Dispositive Motions | April 28, 2022 | July 5, 2022 | September 8, 2022 |
| Joint Pretrial Conference Statement | June 21, 2022 | August 29, 2022 (first Monday after 67-day extension) | October 19, 2022 |
| Pretrial Conference | July 12, 2022 | September 19, 2022 (first Monday after 67-day extension) | November 8, 2022 |
| Trial | August 8, 2022 | October 14, 2022 | December 12, 2022 |

Dated:    January 11, 2022            **O'MELVENY & MYERS LLP**

  */s/ David R. Eberhart*
  David R. Eberhart
  Two Embarcadero Center, 28th Floor
  San Francisco, CA 94111
  Telephone: (415) 984-8700
  Facsimile: (415) 984-8701
  E-mail: deberhart@omm.com

  *Attorneys for Plaintiff Apple Inc.*

Dated:    January 11, 2022            **RIMON, P.C.**

  */s/ Scott R. Raber*
  Scott R. Raber
  423 Washington Street, Suite 600
  San Francisco, CA 94111
  Telephone: (415) 693-9208
  Email: scott.raber@rimonlaw.com

  *Attorneys for Defendant Simon Lancaster*

5

JOINT STATUS REPORT
CASE NO. 3:21-CV-01707-EMC

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other party signatories.

Dated: January 11, 2022                                          /s/ David R. Eberhart
                                                                               David R. Eberhart