DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
ANDREW M. LEVAD (S.B. #313610)
alevad@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:     +1 415 984 8700
Facsimile:     +1 415 984 8701

Attorneys for Plaintiff
APPLE INC.

SCOTT R. RABER (S.B. #194924)
scott.raber@rimonlaw.com
MATTHEW POPPE (S.B. #177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
423 Washington Street, Suite 600
San Francisco, CA 94111
Telephone: 415.693.9208

Attorneys for Defendant
SIMON LANCASTER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMON LANCASTER, an individual,<br><br>Defendant. | Case No. 3:21-cv-01707-EMC<br><br>**JOINT STATUS REPORT**<br><br>DATE:     March 8, 2022<br>TIME:     2:30 p.m.<br>JUDGE:   Hon. Edward M. Chen |

1    Pursuant to the Court's Orders (Dkts. 43, 48), Plaintiff Apple Inc. and Defendant Simon

2    Lancaster respectfully submit this Joint Status Report and a proposed schedule regarding the

3    remainder of the key pre-trial dates.

4         ***Plaintiff Apple's Statement***

5         The stay of party discovery should be lifted in its entirety when it expires on March 8,

6    2022. Mr. Lancaster ceased participating in civil discovery almost five months ago. Despite his

7    repeated urging that a criminal indictment may be forthcoming, no such indictment has issued. In

8    the meantime, Mr. Lancaster has yet to produce a single document responsive to discovery

9    requests Apple served on Mr. Lancaster over seven months ago; nor has Apple had the

10   opportunity to take Mr. Lancaster's deposition. This has prejudiced Apple and prohibited Apple

11   from investigating and building its case in chief. *See eBay, Inc. v. Digital Point Sols., Inc.*, No. C

12   08-4052 JF (PVT), 2010 WL 702463, at *6 (N.D. Cal. Feb. 25, 2010). Further extension of the

13   stay is not appropriate. Mr. Lancaster has not provided any information to suggest that an

14   indictment will issue soon, and allowing an indefinite stay will unduly prejudice Apple. *See Sw.*

15   *Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) (recognizing

16   that "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek

17   vindication or redress for indefinite periods of time on end" and denying a stay) (internal citation

18   omitted). This is the very circumstance in which the Ninth Circuit and California district court

19   precedents repeatedly caution against granting or extending stays. *SEC v. Global Express Capital*

20   *Real Estate Inv. Fund*, 289 Fed. Appx. 183, 191 (9th Cir. 2008); *Applied Materials, Inc. v.*

21   *Semiconductor Spares, Inc.*, No. C95-20129RMW(EAI), 1995 WL 261451, at *3; *Gen. Elec. Co.*

22   *v. Liang*, No. CV 13-08670 DDP VBKX, 2014 WL 1089264, at *1 (C.D. Cal. Mar. 19, 2014);

23   *Macaluso v. Davenport*, No. 11CV118-WQH-MDD, 2011 WL 2015525, at *2. For these reasons,

24   the Court here should order the stay lifted and allow this matter to proceed.

25        The Court ordered Mr. Lancaster to complete his production of document responsive to

26   Apple's First Requests for Production within seven days of lifting of the stay. Dkt. 40. It also

27   recognized that the other affected case deadlines would need to be extended to accommodate the

28   stay. Dkt. 41. Apple therefore proposes that the fact discovery deadline and all key pre-trial dates

be extended as set forth in the chart below.

### Defendant Simon Lancaster's Statement

Contrary to Apple's unfounded speculation, significant developments with respect to the Santa Clara County District Attorney's ("SCCDA") investigation of Mr. Lancaster have occurred since the parties' last status report. Mr. Lancaster's criminal defense attorney and the SCCDA prosecutor assigned to the investigation have initiated settlement discussions with respect to possible criminal charges arising from or related to the conduct alleged by Apple in this case. Mr. Lancaster and his criminal defense counsel anticipate that, barring unforeseen circumstances, this process will be completed by the end of April, after which time it would be appropriate to lift the stay. In the interim, for all the reasons previously noted – namely, implication of Mr. Lancaster's Fifth Amendment rights – the stay should continue under the various factors outlined in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995). Indeed, as Apple has implicitly recognized in the parties' prior reports, the fact that Mr. Lancaster is now engaged in concrete discussions regarding a plea agreement (and not a *potential* criminal charge) only further compels the need for a modest extension of the stay.

By contrast, any prejudice to Apple will be minimal, and the anticipated plea agreement is likely to narrow the issues in this action. *See, e.g., Williams v. Dumaguindin*, No. 220CV09042VAPASX, 2021 WL 4464189, at *4 (C.D. Cal. Aug. 26, 2021) ("allowing time for the criminal investigation to proceed might in fact render discovery in this matter more efficient. For example, it may eliminate the need for discovery motions related to [defendant's] assertion of Fifth Amendment privilege.") (internal citations omitted); *Jones v. Conte*, No. C 045312SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (finding that a stay will conserve judicial resources by allowing the investigation to resolve common issues of fact and ensuring that civil discovery proceeds without Fifth Amendment concerns).

1

2

*Proposed Schedule*

3

4

| EVENT | CURRENT DATE/ DEADLINE | APPLE'S PROPOSAL | LANCASTER'S PROPOSAL |
|---|---|---|---|
| Stay Lifted | January 17, 2022 | March 8, 2022 | April 29, 2022 |
| Mr. Lancaster to produce documents responsive to Apple's First Requests for Production | January 24, 2022 | March 15, 2022 | May 6, 2022 |
| Fact Discovery Cutoff | January 20, 2022 | August 4, 2022 | September 20, 2022 |
| Exchange Opening Expert Reports | February 17, 2022 | September 1, 2022 | October 17, 2022 |
| Exchange Rebuttal Expert Reports | March 10, 2022 | September 22, 2022 | November 7, 2022 |
| File Dispositive Motions | March 24, 2022 | October 6, 2022 | November 21, 2022 |
| Expert Discovery Cutoff | March 31, 2022 | October 13, 2022 | November 28, 2022 |
| Last Day to Hear Dispositive Motions | April 28, 2022 | November 10, 2022 | December 23, 2022 |
| Joint Pretrial Conference Statement | June 21, 2022 | January 13, 2023 | February 27, 2023 |
| Pretrial Conference | July 12, 2022 | January 17, 2023 | March 3, 2023 |
| Trial | August 8, 2022 | February 13, 2023 | March 27, 2023 |

1   Dated:    March 1, 2022                        **O'MELVENY & MYERS LLP**

2                                                   */s/ David R. Eberhart*
                                                    David R. Eberhart
3                                                   Two Embarcadero Center, 28th Floor
                                                    San Francisco, CA 94111
4                                                   Telephone: (415) 984-8700
                                                    Facsimile: (415) 984-8701
5                                                   E-mail: deberhart@omm.com

6                                                   *Attorneys for Plaintiff Apple Inc.*

7

8   Dated:    March 1, 2022                        **RIMON, P.C.**

9                                                   */s/ Scott R. Raber*
                                                    Scott R. Raber
10                                                  423 Washington Street, Suite 600
                                                    San Francisco, CA 94111
11                                                  Telephone: (415) 693-9208
                                                    Email: scott.raber@rimonlaw.com
12
                                                    *Attorneys for Defendant Simon Lancaster*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATUS REPORT
CASE NO. 3:21-CV-01707-EMC